**Bonnie CROWSON, Petitioner,**

v.

**William WAKEHAM, Jr., Ann Bailey Blanks, Carol Wakeham Honza, Kenneth Wakeham, John Wakeham, III, Jerry Wakeham, Jeanette Wakeham Tatum, and Deborah Wakeham Fucci, Respondent.**

No. 94–0670.

Supreme Court of Texas.

Argued Jan. 3, 1995.

Decided May 11, 1995.

Rehearing Overruled June 8, 1995.

James J. Hartnett, Jr., Will Ford Hartnett, Dallas, for petitioner.

Melinda W. Smith, Hurst, Jerry W. Biesel, Thomas A. Giltner, Jeffrey S. Lynch, Dallas, for respondent.

GAMMAGE, Justice, delivered the opinion of the Court, in which all JUSTICES join.

This is an attempt to appeal a probate court ruling in a will contest and application to determine heirship proceeding. The trial court granted a partial summary judgment against Bonnie Crowson, who claimed to be the common law wife of the decedent, on the ground that she was not his common law wife. The trial court later severed the Crowson summary judgment. Crowson followed the appellate timetable from the severance order, not the partial summary judgment order. The court of appeals determined that the appeal was untimely because the original partial summary judgment was an appealable order under the Probate Code.[1] We hold that the partial summary judgment order was interlocutory because of the contested heirship proceeding. Since the appeal from the severance order was timely, we reverse the judgment of the court of appeals and remand the cause to that court for further proceedings.

George A. Brisson, Jr., died on August 4, 1989. He had no children. Ann Blanks filed a will for probate which she alleged that Brisson executed. The will named Blanks as the sole beneficiary and independent executrix. Bonnie Crowson filed a contest to the application to probate the will. She alleged she was the common law wife of Brisson. She also filed a counterclaim to Blanks' will proceedings seeking actual and exemplary damages for what she alleged was Blanks' knowing and willful attempt to defraud her.

Jerry Edwin Wakeham and four other people filed an intervention alleging they were cousins and heirs of decedent. They also contested the will, but alleged they were the

---

1. The general Probate Code provision for appeal is now codified in section 5(f), which provides:

(f) All final orders of any court exercising original probate jurisdiction shall be appealable to the courts of appeals.

Tex.Probate Code § 5(f) (Supp.1995).

true heirs. Carol Grey Honza filed an application to determine heirship and contest of the will. She alleged not only that the Blanks will was a fraud, but also that Brisson had left a will devising his property to his mother, who predeceased him. She alleged that since gifts to his mother lapsed, an heirship proceeding was necessary to determine the heirs under the intestate descent and distribution laws. Several other purported cousins or relatives also intervened in the heirship and will contest proceeding. All the intervenors contested Crowson's allegation that she was Brisson's common law spouse.

■ Blanks voluntarily nonsuited her application to probate her version of Brisson's will. The controversy that was left involved the heirship determination, and specifically as to Crowson, whether she was the common law wife. The intervenors filed a motion for summary judgment, based on deemed admissions that Crowson was not the common law wife, which the trial court granted on March 30, 1993. Crowson filed a motion for reconsideration to this order, which was overruled. On June 1, 1993, at Wakeham's request, the trial court signed an order severing the partial summary judgment from the other issues in the heirship proceeding. The stated reason was to make it final for appellate purposes. Crowson filed a motion for rehearing of the summary judgment. The court denied this motion. Following the appellate timeta-

ble for the June 1, 1993 order, Crowson filed an appeal that was timely if the severance set the date, but untimely if the March 30, 1993 partial summary judgment date controlled.

After receiving the transcript but before receiving any briefs, the court of appeals on its own motion sent a letter to all counsel requesting briefs on whether the March 30 order was a final order for purposes of appeal. Since there is no opinion and the letter comes closest to explaining the court of appeals' reasons for dismissal, we reproduce it in the margin.[2] After the parties submitted briefs, the court of appeals issued an order dismissing the appeal for want of jurisdiction because it was untimely.

The court of appeals correctly noted that the probate statutes create special rules for what is appealable in probate cases. As we have explained:

[I]n order to authorize an appeal in a probate matter, it is not necessary that the decision, order, decree, or judgment referred to therein be one which fully and finally disposes of the entire probate proceeding. However, it must be one which finally disposes of and is conclusive of the issue or controverted question for which that particular part of the proceeding is brought.... This statute doubtless has application only to such decisions, orders or judgments as at the end of a term would be held conclusive as adjudicative of some

2. Counsel:

After reviewing the transcript in this case, the Court has questions concerning its jurisdiction over this cause. Specifically, all rights of Bonnie Crowson in the estate of George Alfred Brisson, Jr., deceased, seem to have derived from her claim that she was his common-law wife. On March 30, 1993, the trial court signed an order declaring that Crowson was not his common-law wife. This order appears to have adjudicated all of Crowson's substantive rights concerning the estate and, in a probate context, would appear to be the final order for appellate purposes. *See* Tex.Prob.Code Ann. art. 5(f) (Vernon Supp.1993); *Estate of Wright*, 676 S.W.2d 161, 163 (Tex. App.—Corpus Christi 1984, writ ref'd n.r.e.).

Under this analysis, however, the subsequent severance was unnecessary to make the summary judgment appealable and the appellate timetable to complain about the trial court's judgment that Crowson was not the decedent's common-law wife ran from March 30, 1993. Therefore, this appeal appears to be untimely.

So that the Court may determine the threshold issue of jurisdiction, counsel for appellant is directed to file a brief regarding the jurisdictional question by October 29, 1993, and counsel for any other interested party is directed to file any responsive brief by November 19, 1993, at which time the Court will resolve the jurisdictional question. This deadline cannot be extended without a formal motion to extend.

The parties are not required to file their briefs regarding the appeal itself until the Court has resolved the jurisdictional issue. After it has received briefs regarding the jurisdictional issue, the Court will either (1) order the cause dismissed for want of jurisdiction or (2) notify the parties by letter that the Court has jurisdiction over the cause and, if appropriate, of the dates when the parties' briefs on the appeal are due.

Sincerely,
/s/ Melanie Keeton
Melanie Keeton
Clerk

controverted question or right, unless set aside by some proceeding appellate or revisory in its nature. [Citations omitted.]

*Kelly v. Barnhill,* 144 Tex. 14, 188 S.W.2d 385, 386 (1945) (interpreting the predecessor to TEX.PROBATE CODE § 5(f)). We subsequently wrote:

> We interpret [former Probate Code § 28, recodified as § 5(e)] to mean that it has application only to such decisions, orders or judgments as at the end of a term would be held to have conclusively adjudicated some controverted question or right, unless set aside by some proper appellate or revisory procedure. [Citation omitted.] If the motion to dismiss the contest on the ground that contestants had failed to show an interest in the estate had been sustained, the order would have finally disposed of the controverted question involved, and would have been appealable. Since the order overruling respondents' motion to dismiss failed to finally dispose of the controverted issue, it, therefore, amounts to no more than an interlocutory order, inclusive in its nature made in the progress of the trial, and, therefore not appealable.

*Fisher v. Williams,* 160 Tex. 342, 331 S.W.2d 210, 213–14 (1960). Both decisions leave much unanswered about how broad or narrow the "issue" must be to constitute an appealable portion of the proceeding. We have also, on occasion, stated the standard to be that all issues of law and fact between the parties involved have been resolved. *See Stevens v. Douglass,* 505 S.W.2d 532 (Tex. 1974) (order denying application of second testatrix and reinstating first testatrix); *see also Halbert v. Alford,* 82 Tex. 297, 17 S.W. 595 (1891) (order rejecting the report or account of an estate administrator and directing him to file another report on a stated basis appealable); *Lehman v. Gajewsky,* 75 Tex. 566, 12 S.W. 1122 (1890) (order setting aside the discharge of a guardian is similar to grant of motion for new trial and not appealable).

The case cited by the court of appeals' letter, *Estate of Wright,* 676 S.W.2d 161 (Tex. App.—Corpus Christi 1984, writ ref'd n.r.e.), is frequently cited for its language that adjudication of "in other words, a substantial right" makes the probate order appealable. *Wright,* 676 S.W.2d at 163. In *Wright,* the substantial right adjudicated was the heirship of all the heirs. The court held that the trial court could not go back and reopen the heirship determination to exclude some previously adjudicated heirs. The case is clearly distinguishable from the present situation in that *Wright* made a complete determination of all heirship claims but here only Crowson is determined not to be an heir, leaving the numerous other heirship issues still pending. Further, the court described the appealable probate order as disposing of "issue(s) involved in that particular phase of the probate proceeding." *Id.* at 163–64. Under the present facts, the trial court's conclusion that the established facts negate Crowson's claim to be an heir does not automatically dispose of the heirship claims of all the intervenors and consequently does not dispose of this whole "particular phase" of the probate proceeding. Additionally, the *Wright* opinion recognized that a special provision, TEX.PROBATE CODE ANN. § 55(a), expressly provided the heirship proceeding judgment "shall be a final judgment." *Id.* at 164.

The *Wright* opinion does cite a number of other cases with the "substantial right" language applied in a variety of contexts.[3] We have used the "substantial right" language ourselves in making an analogy to the standards for an appealable receivership order. *Huston v. FDIC,* 800 S.W.2d 845, 848 (Tex. 1990).

While it is true that the determination that Crowson was not the common law wife adjudicated her substantial right because she had no other basis to claim as an heir, it also left pending all the other heirship rights of the

---

**3.** *White v. Pope,* 664 S.W.2d 105, 107 (Tex.App.—Corpus Christi 1983, no writ) (order on application for sale of personal property to pay attorney's fees for two former attorneys for estate); *Taliaferro v. Texas Commerce Bank,* 660 S.W.2d 151, 153 (Tex.App.—Fort Worth 1983, no writ) (granting of an interpleader); *Parr v. White,* 543 S.W.2d 445, 449 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.) (declaration that upon death the exclusive jurisdiction over decedent's community property vests in probate court).

intervenors. The substantial right language always appears as one of the factors for determining whether a probate order is appealable, but equally important is our language that the order must dispose of all issues in the phase of the proceeding for which it was brought. Crowson originally brought her action against Blanks to contest the first will. That action ended when Blanks nonsuited. Blanks and Crowson are not adverse parties to this appeal. The intervenors all brought actions against Crowson as part of the larger heirship proceedings. As between Crowson and the intervenors, the proper "phase" of the proceeding is the heirship determination. The pleadings to exclude her from heirship all appear in applications seeking to establish the respective intervenors' own heirship claims. We acknowledge our language heretofore has been somewhat ambiguous, but we do not believe that the "phase" or proceedings which raised the intervenors' contest with Crowson, when properly construed in this case, could be anything other than the whole heirship proceeding.

Because of the potential confusion, we adopt the following test for probate appeals. If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory. For appellate purposes, it may be made final by a severance order, if it meets the severance criteria, as did the order in the present case. In setting this standard, we are mindful of our policy to avoid constructions that defeat bona fide attempts to appeal. *See Mackie v. McKenzie,* 890 S.W.2d 807 (Tex.1994); *McRoberts v. Ryals,* 863 S.W.2d 450, 454–55 (Tex.1993). A severance order avoids ambiguities regarding whether the matter is appealable. Litigants can and should seek a severance order either with the judgment disposing of one party or group or parties, or seek severance as quickly as practicable after the judgment.

Under either the old or new standard, we hold that the partial summary judgment against Crowson was interlocutory as a probate order. The appellate timetable commenced with the date of the severance order and Crowson's appeal bond was timely. We reverse the judgment of the court of appeals dismissing the appeal as untimely, and remand the cause to that court for further proceedings consistent with this opinion.