Frederick P. FORLANO, Appellant,

v.

Victor JOYNER, et al., Appellees.

No. 01–95–00488–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 10, 1995.

Sam J. Meador, Houston, for appellant.

Louis M. Ditta, Sharon B. Gardner, Houston, for appellees.

Before HUTSON–DUNN, MIRABEL and HEDGES, JJ.

## OPINION

**PER CURIAM.**

The appellees have filed a motion to dismiss this appeal. For the following reasons, we grant the motion and dismiss the appeal.

The appellant sued appellee Victor Joyner, John Joyner, and others, based on a purported fee contract between the appellant and Victor Joyner. The appellant brought suit in Harris County Civil Court Number One. Shortly after the appellant filed suit, Harris County Probate Court Number One, acting on a guardianship application, appointed John Joyner to be Victor Joyner's guardian. John Joyner then moved to transfer the appellant's lawsuit from Harris County Civil Court Number One to Harris County Probate Court Number One.

The trial court granted the motion to transfer, and the appellant is now attempting to appeal the order. The order is styled "Order of Transfer." The order states that the motion to transfer is granted; transfers the cause pending at the time in Harris County Civil Court Number One to Harris County Probate Court Number One; assigns a new cause number and style; and orders the clerk of Harris County Civil Court Number One to prepare certified copies of all documents in that court's file and transfer the certified copies to Harris County Probate Court Number One.

■ Section Five of the Probate Code, entitled "Jurisdiction of District Court and Other Courts of Record with Respect to Probate Proceedings and Appeals from Probate Orders," states in subsection (f) that "[a]ll final orders of any court exercising original probate jurisdiction shall be appealable to the courts of appeals." Tex.Prob.Code Ann. § 5(f) (Vernon Supp.1995). The Supreme Court of Texas has recently adopted a new test for determining appealability in probate matters:

If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory. For appellate purposes, it may be made final by a severance order, if it meets the severance criteria, as did the order in the present case.

*Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex.1995).

There is no express statute that declares a decision to grant or deny a transfer of a case to probate court to be final and appealable. *Compare* TEX.PROB.CODE ANN. § 55(a) (Vernon 1980) (specifically stating that a judgment in a proceeding to declare heirship "shall be a final judgment, and may be appealed or reviewed....."). Thus, we proceed to determine whether there is a proceeding of which the transfer order may logically be considered a part, and whether one or more pleadings also part of that proceeding raise issues or parties not disposed of.

The "proceeding" of which the transfer order may logically be considered a part is the appellant's lawsuit for breach of contract; the transfer order transferred the contract action, not the guardianship action. "One or more pleadings" in the contract action have raised issues that are clearly not yet disposed of. These facts, under *Crowson*, indicate that the transfer order is interlocutory. *See also Grounds v. Lett*, 718 S.W.2d 38, 39 (Tex.App.—Dallas 1986, no writ) (a probate court order, granting a motion to transfer a case pending in another county, is interlocutory and not appealable).

Furthermore, under *Crowson*, this transfer order could never, by itself, be appealable. *Crowson* states that an interlocutory probate order may be made final and appealable "by a severance order, if it meets the severance criteria[.]" 897 S.W.2d at 783. However, unlike the partial summary judgment order in *Crowson*, which the court held was made final and appealable by a severance order, *id.*, the transfer order in this case could not be subject to a severance order. The partial summary judgment order in *Crowson* resolved a claim that could properly be severed. *Id.* The transfer order, on the other hand, does not resolve a "claim" at all, and is thus not severable. *See H.E. Butt Grocery Co. v. Currier*, 885 S.W.2d 175, 177 (Tex.App.—Corpus Christi 1994, no writ) (holding that an order granting a motion to compel discovery could not be severed because it "does not address a 'claim' that may be severed under the rules").

Under *Crowson*, the transfer order in this case is not appealable. We grant the appellees' motion and dismiss the appeal.