In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-506 CV


____________________



IN RE JON SISCO






Original Proceeding






MEMORANDUM OPINION (1)


 Relator, Jon Sisco, seeks a writ of mandamus to compel the trial judge to enter an
order appointing Al Stewart as Independent Administrator of the Estate of Herbert Clinton
Sisco. Herbert Clinton Sisco died on October 30, 1993, and Eric Yollick was appointed
Dependent Administrator of the Estate of Herbert Clinton Sisco on March 18, 2002. The
Relator complains that the trial court abused its discretion by changing its order one year
after the trial court signed an order that determined Sisco to be the sole distributee of the
estate. The amended order is not contained in the mandamus record. See Tex. R. App.
P. 52.3(j)(1)(A). The Relator also contends that the trial court improperly took judicial
notice of a personal relationship between Stewart and the Relator during a June 12, 2003,
hearing on an application for independent administration. See Tex. R. Evid. 201. Relator
urges that the trial court abused its discretion and denied the Relator due process by failing
to appoint Stewart as Independent Executor upon the Relator's motion. See Tex. Prob.
Code Ann. § 145(e) (Vernon 2003). 

 Mandamus will issue only to correct a clear abuse of discretion or violation of a
duty imposed by law when that abuse cannot be remedied by appeal. Jack B. Anglin Co.,
Inc. v. Tipps, 842 S.W.2d 266, 272 (Tex.1992); Walker v. Packer, 827 S.W.2d 833, 839
(Tex.1992). The trial court may decline the application "in the best interest of the estate." 
See Tex. Prob. Code Ann. § 145(e) (Vernon 2003). After reviewing the petition and
record, we conclude that the relator has not shown a clear abuse of discretion or violation
of a duty imposed by law, nor has he established the lack of an adequate remedy by
appeal. See Crowson v. Wakeham, 897 S.W.2d 779, 783 (Tex.1995) (discrete phases of
probate proceedings are appealable). 

 The petition for writ of mandamus, filed October 27, 2003, is DENIED.

 WRIT DENIED

 PER CURIAM



Opinion Delivered December18, 2003

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.