## In the ESTATE OF Harold M. WILLETT, Deceased.

### No. 04–06–00094–CV.

Court of Appeals of Texas, San Antonio.

July 5, 2006.

Laird H. McNeil, Law Office of Laird H. McNeil, Mark Bombenger, Law Office of Mark J. Bombenger, P.C., San Antonio, for appellant.

H. Fred Neale, Mexia, for appellee.

Sitting: SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by SARAH B. DUNCAN, Justice.

Shirley Craig attempts to appeal the trial court's partial summary judgment. Shortly after Craig filed her notice, appellees—Paula Kay Swinburn, Karrie Kristina Horn, Katrina Denise Reeves, Terry Melton Willett, and Bonnie Marie Smallwood—filed a motion that we construe as a motion to dismiss the appeal because the trial court's partial summary judgment is not appealable. We agree and therefore dismiss this appeal for lack of jurisdiction.

### FACTUAL AND PROCEDURAL BACKGROUND

On November 12, 1991, Harold Melton Willett signed a will containing the following provision:

2. MUTUAL WILLS. This Will is made in consideration of the making of a mutual Will by my wife, VIOLET ADELIA WILLETT, executed on the same date as this Will. Both Wills are being made pursuant to an agreement between us to make mutual Wills, each providing that all property is given to the survivor and that all property of the survivor is given to PAULA KAY SWINBURN, GLADYS LAVON ULICNIK, SHIRLEY LEE CRAIG GAULT, KARRIE KRISTINA WILLETT–HORN, KATRINA DENISE WILLETT, TERRY MELTON WILLETT and BONNIE MARIE WILLETT, as provided in Paragraph FOURTH above.

After Harold died on September 7, 1999, Violet probated and took under his will.

Less than one month after probating Harold's will, Violet signed a will leaving

her entire estate to her daughter Shirley Lee Craig. After Violet died on August 14, 2001, Craig had Violet's 1999 will probated and took under the terms of that will. The other beneficiaries under Harold's will—appellees Paula Kay Swinburn, Karrie Kristina Horn, Katrina Denise Reeves, Terry Melton Willett, and Bonnie Marie Smallwood—later sued Craig, individually and as Violet's attorney-in-fact, for breach of contract, promissory estoppel, breach of fiduciary duty, forfeiture of inheritance, conspiracy, and conversion, and sought a declaratory judgment, an accounting, a constructive trust, and actual and exemplary damages.

On cross-motions for summary judgment, the trial court denied Craig's motion in its entirety and granted the appellees' motion in part as follows:

1. The Last Will and Testament of Harold Melton Willett as probated was an election will.

2. Violet Willett accepted the benefits of Harold Melton Willett's Will, and thereby became bound by its terms, including but not limited to the requirement that Violet Willett ... leave all other property upon her death as follows:

A. one-fourth to Paula Kay Swinburn;

B. one-fourth to Gladys Lavon Ulicnik;

[C]. one-fourth to Shirley Lee Gault (now Craig)[;]

D. one-sixteenth to Karrie Kristina Willett Horn;

E. one-sixteenth to Katrina Denise Willett;

F. one-sixteenth to Terry Melton Willett; and

G. one-sixteenth to Bonnie Marie Willett.

Pursuant to that election, IT IS FURTHER ORDERED ADJUDGED AND DECREED that:

1. 1/4th of the real property and mineral and royalty interest described in Exhibit "A" attached hereto, in Freestone County, Texas, being the share pertaining to Shirley Craig, shall remain in suspense pending trial in this cause.

2. The remaining 3/4 of the real property and mineral and royalty interest described in Exhibit "A" attached hereto, in Freestone County, Texas are currently owned by the following heirs in the percentages of the entire interest as shown below, who shall be entitled to immediate possession of the property and minerals, including 3/4 of the royalties held in suspense by Andarko Petroleum Corporation:

A. one-fourth to Paula Kay Swinburn;

B. one-fourth to Gladys Lavon Ulicnik;

C. one-sixteenth to Karrie Kristina Willett Horn;

D. one-sixteenth to Katrina Denise Willett;

E. one-sixteenth to Terry Melton Willett; and

F. one-sixteenth to Bonnie Marie Willett.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that trial be set on Plaintiff's [sic] remaining causes of actions, for forfeiture of Defendant and Violet Willett's inheritance, and Plaintiff's [sic] claims for damages, attorney fees and constructive trusts on the ____ day of _____, 2006 in the Courtroom of Probate Court No. 2, Bexar County, in San Antonio, Texas.

After Craig filed her notice of appeal seeking to appeal this order, the appellees moved to dismiss, arguing the trial court's

partial summary judgment is not an appealable order.

## APPLICABLE LAW

■ "[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment," *i.e.*, one that "disposes of all pending parties and claims in the record...." *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001). One of the statutory exceptions to this general rule exists in probate cases. *See id.* n. 14 & accompanying text. Section 5(g) of the Texas Probate Code provides that "[a]ll final orders of any court exercising original probate jurisdiction shall be appealable to the courts of appeals." TEX. PROB.CODE ANN. § 5(g) (Vernon 2003). To determine whether an order is "final" under section 5(g) and therefore appealable, the supreme court has promulgated the following test:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex.1995).

## DISCUSSION

■ To apply either part of the *Crowson* test, we must first identify "the phase of the probate proceeding" at issue. The only proceeding of which the trial court's partial summary judgment may logically be considered a part is the appellees' lawsuit. *See Forlano v. Joyner*, 906 S.W.2d 118, 120· (Tex.App.-Houston [1st Dist.] 1995, no writ) (per curiam) (holding trial court's order transferring fee dispute lawsuit from district court to probate court was part of fee dispute lawsuit). There is not an express statute declaring a trial court's partial summary judgment order in a lawsuit to be final and appealable. *Cf. id.* ("There is no express statute that declares a decision to grant or deny a transfer of a case to probate court to be final and appealable."). Accordingly, we move on to the second part of the *Crowson* test, *i.e.*, whether "one or more pleadings also part of the [lawsuit] raise issues or parties not disposed of." *See id.*

Plainly, the appellees' petition raises issues not disposed of by the trial court's order. By its very terms, the partial summary judgment order does not dispose of the issue of whether Craig is entitled to possession of her one-fourth interest in Harold's estate; rather, the order expressly provides that this interest "shall remain in suspense pending trial in this cause." *Cf. In re Estate of Padilla*, 103 S.W.3d 563, 566 (Tex.App.-San Antonio 2003, no pet.) (mem.op.). The partial summary judgment order also does not dispose of the appellees' remaining causes of action; rather, the order expressly orders these causes of action set for trial. Nor is there an order severing the trial court's partial summary judgment, as there was in *Crowson. See Forlano*, 906 S.W.2d at 120. Accordingly, we hold that, under the *Crowson* test, the trial court's partial summary judgment order is not an appealable order. We therefore grant the appellees' motion and dismiss this appeal for lack of jurisdiction.