IN RE WILSON

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-075-CV

IN THE ESTATE OF 

JOHN A. WILSON, SR., DECEASED 

------------

FROM PROBATE COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Factual and Procedural Background

John A. Wilson, Sr. (Testator) 
executed his Last Will and Testament on July 3, 1997.  Under the terms of the will, Testator’s estate was to be distributed equally amongst his four children, one of whom was John A. Wilson,  Jr. (John Jr.).  On April 22, 1999, Testator executed a codicil appointing his son-in-law Charles Julian Crider to act as independent executor of his estate.   

On October 16, 2000, testator executed a second codicil to his will.  Under the terms of the second codicil, testator effectively excluded John Jr. as a residual beneficiary under his will by providing that John Jr. “shall be conclusively presumed for purposes of this Article IV [governing distribution of the residuary estate] to have predeceased [testator]” and also provided that John Jr.’s “issue” take his share, instead, as beneficiaries of a testamentary trust.  Testator explained in his second codicil that he made no provision for John Jr. “because adequate provision has been made for him under the terms of the Last Will and Testament of my former wife, Neva M. Wilson.”  

Following testator’s death on February 26, 2004, appellee Crider filed an application in the probate court seeking to have the will and two codicils admitted to probate and to be named independent executor of testator’s estate. As grandchildren of the testator and beneficiaries under his will, appellees Amanda Wilson and Julie Wilson, as next friend of John A. Wilson III, (the Wilsons) joined in Crider’s application.  In response, John Jr. contested the admission of the second codicil, alleging that testator lacked testamentary capacity at the time the second codicil was executed.
(footnote: 2)  Eventually, Crider and the Wilsons moved for summary judgment.  Crider then filed an amended application with the court that, in addition to seeking admission of the will and the two codicils to probate, went on to allege, 
inter alia
, that John Jr.’s son Ryan Wilson has no interest in testator’s estate.  The probate court granted summary judgment and entered an order on December 27, 2005 that admitted the will and both codicils to probate, appointed Crider as independent executor, and granted the issuance of letters testamentary.  However, the order failed to address the issue raised in Crider’s amended application regarding Ryan Wilson’s potential interest in the estate. 

John Jr. appeals the probate court’s granting of summary judgment and the subsequent order admitting his father’s will and two codicils to probate.  John Jr. raises five points on appeal, one of which asserts that the trial court’s order is interlocutory, and therefore, this court lacks jurisdiction to hear the appeal.  John Jr. explains in his brief that despite his belief that the trial court order is not final, he filed this appeal out of an abundance of caution to ensure that his appeal would be timely should this court determine that the  probate order is final. 
 We only address the dispositive jurisdictional issue and dismiss this appeal for want of jurisdiction.

II.  Applicable Law

Jurisdictional inquiries are legal questions subject to de novo review.
 
 Mayhew v. Town of Sunnyvale
, 964 S.W.2d 922, 928 (Tex. 1998), 
cert. denied
, 526 U.S. 1144 (1999). 
 The general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment.  
Lehmann v. Har-Con Corp.
, 39 S.W.3d 191, 195 (Tex. 2001).  
Typically, a judgment is not final for purposes of appeal unless the judgment disposes of all pending parties and claims in the record.  
Id.
  However, one of the statutory exceptions to this general rule exists in probate cases.  
See 
Tex. Prob. Code Ann.
 § 5(g) (Vernon 2003); 
 De Ayala v. Mackie, 
193 S.W.3d 575, 578 (Tex. 2006);  
Crowson v. Wakeham
, 897 S.W.2d 779, 781 (Tex. 1995)
.
  Section 5(g) of the Texas Probate Code provides that “[a]ll final orders of any court exercising original probate jurisdiction shall be appealable to the courts of appeals.” 
Tex. Prob. Code Ann.
 § 5(g).  Probate proceedings inherently consist of a continuing series of events, in which the probate court may make decisions at various points in the administration of an estate on which later decisions will be based.  
Logan v. McDaniel
, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied).  The need to review controlling, intermediate decisions before an error can harm later phases of the proceeding has been held to justify modifying the one final judgment rule with respect to probate cases.  
Id.
  To determine whether an order is final under section 5(g), and therefore appealable, the supreme court has promulgated the following test:

If there is an express statute, such as the one for the complete heirship judgment [under section 55 of the Texas Probate Code], declaring the phase of the probate proceedings to be final and appealable, that statute controls.  Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory. 

Crowson
, 897 S.W.2d at 783; 
see also De Ayala, 
193 S.W.3d at 578
.  

III.  Application

To apply either part of the 
Crowson
 test, we must first identify the phase of the probate proceeding at issue.  
In the Estate of Willett
, No. 04-06-00094-CV, 2006 WL 1814368, at *2 (Tex. App.—San Antonio July 5, 2006, no pet. h.). 
The only proceeding of which the trial court’s order may logically be considered a part is the proceeding on appellees’ application to admit the will to probate.  
See In re Estate of Blevins, 
No. 12-05-00165-CV, 2006 WL 2106964, at *2 (Tex. App.—Tyler July 31, 2006, no pet. h.) (recognizing that a will contest, and therefore, by implication, any order arising out of it, is considered part of the proceeding that admits the contested will to probate).  There is not an express statute declaring a probate court’s order admitting a will to probate to be final and appealable.  
See In re Estate of McKissick
, No. 13-02-022-CV, 2003 WL 1847072, at *3 (Tex. App.—Corpus Christi April 10, 2003, no pet.) (mem. op.).  Accordingly, it is necessary that we move on to the second part of the 
Crowson
 test and inquire into whether one or more of the pleadings that is part of the proceeding seeking to admit the will and codicils to probate raises issues or parties not disposed of by the trial court’s order. 
 
Crowson
, 897 S.W.2d at 783.

Appellee Crider’s third amended application seeking admission of testator’s will and two codicils to probate did raise issues not disposed of by the trial court’s order.  Specifically, Crider’s application alleged that John Jr.’s son Ryan Wilson has no interest in testator’s estate under the express terms of the will.  Through its order, the trial court admitted testator’s will and both codicils to probate, appointed Crider as independent executor, and authorized the issuance of letters testamentary.  However, the order does not address or dispose of the issue regarding Ryan Wilson’s potential interest in the estate.  Therefore, because the order did not dispose of all issues before the trial court, we hold that, under the 
Crowson
 test, the probate court’s order is interlocutory and dismiss this appeal for want of jurisdiction.

ANNE GARDNER

JUSTICE

PANEL B: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  October 19, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2: We note that while John Jr. also asserted undue influence as a ground upon which to challenge admission of the second codicil in the probate court, John Jr. abandons his undue influence claim on appeal.  Therefore, we refer only to the claim of lack of testamentary capacity.