COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-06-075-CV

 

 

IN THE ESTATE OF 

 

 

JOHN A. WILSON, SR.,
DECEASED                                                        

                                                                                                        

 

                                              ------------

 

               FROM
PROBATE COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Factual and
Procedural Background

John A. Wilson, Sr.
(Testator) executed his Last Will and Testament on July 3, 1997.  Under the terms of the will, Testator=s estate was to be distributed equally amongst his four children, one
of whom was John A. Wilson,  Jr. (John
Jr.).  On April 22, 1999, Testator
executed a codicil appointing his son-in-law Charles Julian Crider to act as
independent executor of his estate.   








On October 16, 2000, testator
executed a second codicil to his will. 
Under the terms of the second codicil, testator effectively excluded
John Jr. as a residual beneficiary under his will by providing that John Jr. Ashall be conclusively presumed for purposes of this Article IV
[governing distribution of the residuary estate] to have predeceased [testator]@ and also provided that John Jr.=s Aissue@ take his share, instead, as beneficiaries of a testamentary
trust.  Testator explained in his second
codicil that he made no provision for John Jr. Abecause adequate provision has been made for him under the terms of
the Last Will and Testament of my former wife, Neva M. Wilson.@  








Following testator=s death on February 26, 2004, appellee Crider filed an application in
the probate court seeking to have the will and two codicils admitted to probate
and to be named independent executor of testator=s estate. As grandchildren of the testator and beneficiaries under his
will, appellees Amanda Wilson and Julie Wilson, as next friend of John A.
Wilson III, (the Wilsons) joined in Crider=s application.  In response,
John Jr. contested the admission of the second codicil, alleging that testator
lacked testamentary capacity at the time the second codicil was executed.[2]  Eventually, Crider and the Wilsons moved for
summary judgment.  Crider then filed an
amended application with the court that, in addition to seeking admission of
the will and the two codicils to probate, went on to allege, inter alia,
that John Jr.=s son Ryan
Wilson has no interest in testator=s estate.  The probate court
granted summary judgment and entered an order on December 27, 2005 that
admitted the will and both codicils to probate, appointed Crider as independent
executor, and granted the issuance of letters testamentary.  However, the order failed to address the
issue raised in Crider=s amended
application regarding Ryan Wilson=s potential interest in the estate. 

John Jr. appeals the probate court=s granting of
summary judgment and the subsequent order admitting his father=s will and two
codicils to probate.  John Jr. raises
five points on appeal, one of which asserts that the trial court=s order is
interlocutory, and therefore, this court lacks jurisdiction to hear the
appeal.  John Jr. explains in his brief
that despite his belief that the trial court order is not final, he filed this
appeal out of an abundance of caution to ensure that his appeal would be timely
should this court determine that the 
probate order is final.  We only
address the dispositive jurisdictional issue and dismiss this appeal for want
of jurisdiction.

II.  Applicable Law








Jurisdictional inquiries are legal questions subject to de
novo review.  Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998), cert. denied, 526 U.S.
1144 (1999).  The general rule, with a
few mostly statutory exceptions, is that an appeal may be taken only from a
final judgment.  Lehmann v. Har‑Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001). 
Typically, a judgment is not final for purposes of appeal unless the
judgment disposes of all pending parties and claims in the record.  Id. 
However, one of the statutory exceptions to this general rule exists in
probate cases.  See Tex. Prob. Code Ann. ' 5(g) (Vernon
2003);  De Ayala v. Mackie, 193
S.W.3d 575, 578 (Tex. 2006);  Crowson
v. Wakeham, 897 S.W.2d 779, 781 (Tex. 1995).  Section 5(g) of the Texas Probate Code
provides that A[a]ll final orders of any court exercising
original probate jurisdiction shall be appealable to the courts of appeals.@ Tex. Prob. Code Ann. ' 5(g).  Probate proceedings inherently consist of a
continuing series of events, in which the probate court may make decisions at
various points in the administration of an estate on which later decisions will
be based.  Logan v. McDaniel, 21
S.W.3d 683, 688 (Tex. App.CAustin 2000, pet.
denied).  The need to review controlling,
intermediate decisions before an error can harm later phases of the proceeding
has been held to justify modifying the one final judgment rule with respect to
probate cases.  Id.  To determine whether an order is final under
section 5(g), and therefore appealable, the supreme court has promulgated the
following test:








If there is an
express statute, such as the one for the complete heirship judgment [under
section 55 of the Texas Probate Code], declaring the phase of the probate
proceedings to be final and appealable, that statute controls.  Otherwise, if there is a proceeding of which
the order in question may logically be considered a part, but one or more
pleadings also part of that proceeding raise issues or parties not disposed of,
then the probate order is interlocutory. 

 

Crowson, 897 S.W.2d at 783; see also De Ayala, 193 S.W.3d
at 578.  

III.  Application

To apply either part of the Crowson test, we must
first identify the phase of the probate proceeding at issue.  In the Estate of Willett, No.
04-06-00094-CV, 2006 WL 1814368, at *2 (Tex. App.CSan Antonio July
5, 2006, no pet. h.). The only proceeding of which the trial court=s order may
logically be considered a part is the proceeding on appellees= application to
admit the will to probate.  See In re
Estate of Blevins, No. 12-05-00165-CV, 2006 WL 2106964, at *2 (Tex. App.CTyler July 31,
2006, no pet. h.) (recognizing that a will contest, and therefore, by
implication, any order arising out of it, is considered part of the proceeding
that admits the contested will to probate). 
There is not an express statute declaring a probate court=s order admitting
a will to probate to be final and appealable. 
See In re Estate of McKissick, No. 13-02-022-CV, 2003 WL 1847072,
at *3 (Tex. App.CCorpus Christi April 10, 2003, no pet.)
(mem. op.).  Accordingly, it is necessary
that we move on to the second part of the Crowson test and inquire into
whether one or more of the pleadings that is part of the proceeding seeking to
admit the will and codicils to probate raises issues or parties not disposed of
by the trial court=s order. 
Crowson, 897 S.W.2d at 783.








Appellee Crider=s third amended
application seeking admission of testator=s will and two codicils
to probate did raise issues not disposed of by the trial court=s order.  Specifically, Crider=s application
alleged that John Jr.=s son Ryan Wilson has no interest in
testator=s estate under the
express terms of the will.  Through its
order, the trial court admitted testator=s will and both
codicils to probate, appointed Crider as independent executor, and authorized
the issuance of letters testamentary. 
However, the order does not address or dispose of the issue regarding
Ryan Wilson=s potential interest in the estate.  Therefore, because the order did not dispose
of all issues before the trial court, we hold that, under the Crowson
test, the probate court=s order is interlocutory and dismiss this
appeal for want of jurisdiction.

 

 

ANNE GARDNER

JUSTICE

 

PANEL B:   CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

 

DELIVERED:  October 19, 2006











[1]See Tex. R. App. P. 47.4.





[2] We note that while John Jr. also
asserted undue influence as a ground upon which to challenge admission of the
second codicil in the probate court, John Jr. abandons his undue influence
claim on appeal.  Therefore, we refer
only to the claim of lack of testamentary capacity.