# NO. 12-09-00108-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  | § |  |
| --- | --- | --- |
| *IN RE: DEREK BARBEE,* | § | *ORIGINAL PROCEEDING* |
| *GUARDIAN OF THE PERSON AND* |  |  |
| *ESTATE OF RICKY BARBEE* |  |  |
|  | § |  |

## MEMORANDUM OPINION

In this original mandamus proceeding, Relator Derek Barbee, guardian of the person and estate of Ricky Barbee, challenges an "Order Rescinding Request for Assignment of Statutory Probate Judge and Transferring Contested Matter to District Court" signed by Respondent on March 27, 2009.[1]  We conditionally grant Relator's petition.

## BACKGROUND

Tammy and Ricky Barbee divorced in 1990.  Tammy was appointed guardian of Ricky's person and estate in 1997.  On July 18, 2008, Tammy filed for divorce from Ricky, asserting that they entered into an informal marriage on or about January 1, 1995.  She resigned as Ricky's guardian after filing the divorce petition.  Tammy and Ricky's son Derek Barbee was appointed successor guardian.  In that capacity, Derek sued Tammy alleging that she had not lawfully performed her duties while she served as Ricky's guardian.  In his original petition, Derek requested a declaratory judgment regarding the ownership of certain real and personal property, damages for breach of fiduciary duty and conversion, an accounting, and attorney's fees (the "lawsuit").  The lawsuit was filed as an adversary proceeding in the guardianship, which was pending in the County Court of Shelby County.

---

[1] The challenged order was signed by the Honorable John Tomlin, Judge of the County Court, Shelby County, Texas.  The "contested matter" referenced in the order was transferred to the 273rd Judicial District Court, Shelby County, Texas.  The Honorable Charles Mitchell is the presiding judge of that court.  Although both judges are named as respondents, we identify Judge Tomlin as "Respondent" in this opinion.  Tammy Barbee is the real party in interest.

Pursuant to Texas Probate Code section 606(b), Derek filed a motion for Respondent to request assignment of a statutory probate court judge to hear the lawsuit. Respondent granted the motion by written order signed on March 19, 2009. Tammy filed a motion requesting reconsideration of the order and also requesting transfer of the lawsuit to the 273rd Judicial District Court of Shelby County where the Barbees' divorce action was pending. Derek filed a response opposing Tammy's motion. By order signed on March 27, 2009, Respondent granted Tammy's motion to reconsider, rescinded his prior order, and transferred the lawsuit to the 273rd Judicial District Court (the "district court"). Derek filed a petition for writ of mandamus in this court along with a motion for emergency relief requesting a stay of all proceedings in the lawsuit pending our disposition of his mandamus petition. We granted the requested stay.

## PREREQUISITES TO MANDAMUS

A writ of mandamus will issue to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Walker*, 827 S.W.2d at 839-40. The relator has the burden to establish that the trial court abused its discretion. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994). This burden is a heavy one. *Id.*

If a trial court erroneously denies a party's motion for assignment of a statutory probate court judge, the party has no adequate remedy at law and is entitled to a writ of mandamus. *See In re Vorwerk*, 6 S.W.3d 781, 785 (Tex. App.–Austin 1999, orig. proceeding) (construing Texas Probate Code section 5(b) pertaining to probate proceedings and similar to probate code section 606(b) pertaining to guardianship proceedings); *Forlano v. Joyner*, 906 S.W.2d 118, 120 (Tex. App.–Houston [1st Dist.] 1995, no writ) (holding that a transfer order in a probate case could never be appealable because it does not resolve any claim). Therefore, we must decide only whether, as Derek contends, Respondent's March 27, 2009 order constitutes an abuse of his discretion.

## AVAILABILITY OF MANDAMUS

Texas Probate Code section 606(b) provides that

> [i]n those counties in which there is no statutory probate court, county court at law, or other statutory court exercising the jurisdiction of a probate court, all applications, petitions and motions regarding guardianships . . . shall be filed and heard in the county court. In contested guardianship

matters, the judge of the county court may on the judge's own motion, or shall on the motion of any party to the proceeding, according to the motion:

> (1) request the assignment of a statutory probate court judge to hear the contested portion of the proceeding, as provided by Section 25.0022, Government Code; or

> (2) transfer the contested portion of the proceeding to the district court, which may hear the contested matter as if originally filed in the district court.

TEX. PROB. CODE ANN. § 606(b) (Vernon Supp. 2008).  Further,

> [i]f the judge of the county court has not transferred a contested guardianship matter to the district court at the time a party files a motion for assignment of a statutory probate court judge, the county judge *shall grant the motion and may not transfer the matter to the district court unless the party withdraws the motion*.

*Id.* § 606(b-1) (Vernon Supp. 2008) (emphasis added).  It is uncontroverted that Shelby County has no statutory probate court, county court at law, or other statutory court exercising probate jurisdiction.  Therefore, under section 606, Respondent was required to grant Derek's motion for assignment of a statutory probate court judge unless Respondent had transferred a contested guardianship matter to the district court at the time Derek filed the motion.  *See id.* § 606(b), (b-1).  Derek asserts that he complied with the requirements of subsection 606(b) and therefore Respondent had no discretion to deny his motion.

**Error Preservation**

Citing Texas Rule of Appellate Procedure 33.1, Tammy argues that because Derek did not request a rehearing or otherwise object to the challenged order after Respondent signed it, he cannot now complain about it.  Rule 33.1 requires that, as a prerequisite to presenting a complaint for appellate review, a party must make its complaint known to the trial judge by timely request, objection, or motion.  In this case, Derek filed a response objecting to Tammy's motion.  Tammy cites no rule of procedure or other law that required Derek to complain further to Respondent, and we are not aware of any such rule or other law.  Moreover, any motion requesting alteration of the result of a final order is much like a motion for new trial.  A motion for new trial is not a prerequisite to a complaint on appeal except those enumerated in Texas Rule of Civil Procedure 324.  *See* TEX. R. CIV. P. 324(a), (b).  None of those complaints are made here.  Therefore, we reject Tammy's preservation argument and turn to the merits of Derek's petition.

3

**Applicability of subsection 606(b-1)**

Tammy next points out that the respondent district judge heard her resignation as guardian and signed the order. Thus, she concludes that the exception to subsection 606(b) applies. *See* TEX. PROB. CODE ANN. § 606(b-1) (county judge must grant motion requesting assignment of statutory probate court judge unless county judge has transferred contested guardianship matter to district court at time party files motion). We first note that the record before us does not contain an order transferring any contested matter in Ricky's guardianship from the county court to the district court. Moreover, Tammy's resignation does not appear to have been a "contested guardianship matter." The record does not include an application to remove Tammy as Ricky's guardian. Moreover, the "Order of Resignation" was signed by the respondent district judge on August 29, 2008 and recites that Tammy's resignation as guardian was "based on the agreement of the parties." Therefore, Tammy has not shown that the exception in subsection 606(b-1) applies here.

**Consent to Jurisdiction**

Tammy also contends that Ricky, through his prior counsel, consented to the jurisdiction of the district court by allowing the respondent district judge to sign the resignation order. Therefore, she argues, Derek should not be allowed to "forum shop" now.[2] Because Shelby County has no statutory probate court, county court at law, or other statutory court exercising the jurisdiction of a probate court, all guardianship matters "shall be filed and heard in the county court." *See id.* § 606(b). The district court may hear only contested guardianship matters, provided that the matters are transferred as prescribed by statute. *See id.* Subsection 606(b) does not make any provision for a district court to hear other guardianship matters by "consent." *See id.* Consequently, the fact that the respondent district judge signed the resignation order has no effect on the controversy here.[3]

---

[2] In her motion to reconsider, Tammy alleged that "[a]t the first hearing in the divorce matter, on August 29, 2008[,] Ricky Barbee, by and through his counsel, John Walker[,] consented to the jurisdiction of the 273rd District Court, Judge Charles Mitchell[,] in the Guardianship proceeding by submitting the Resignation of Tammy Barbee to Judge Mitchell, 273rd District Court, who executed the Order of Resignation filed herein."

[3] The record also includes an "Order of Resignation" signed by Respondent on December 1, 2008.

4

**Discretion of the County Court**

Finally, Tammy urges that the lawsuit and the Barbees' divorce action involve common issues. She further maintains that the same judge should hear the cases in the interest of judicial economy and for purposes of interpreting issues such as res judicata and collateral estoppel. She also asserts that transfer of the lawsuit to the district court, particularly when the importance of issues of res judicata and collateral estoppel is considered, has the advantage of preventing multiple litigation of the same subject matter with inconsistent results. By these arguments, Tammy implicitly contends that the county court had some discretion regarding whether to request assignment of a statutory probate court judge, even though the statutory requirements for such a request had been met. Subsection 606(b) unambiguously states that the county judge *shall* request assignment of a statutory probate court judge to hear the contested portion of a guardianship proceeding (1) if a party files a motion requesting such an assignment and (2) the judge of the county court has not transferred a contested guardianship matter to the district court at the time the motion is filed. *See id.* § 606(b), (b-1). Moreover, the county judge is expressly prohibited from transferring the matter to the district court unless the party withdraws its motion for assignment of a statutory probate court judge. *See id.* § 606(b-1). Thus, the county judge had no discretion to deny Derek's motion on grounds not set out in section 606, and Tammy's arguments to the contrary are without merit.

**Holding**

In sum, the record shows that Derek requested the assignment of a statutory probate court judge to hear the lawsuit. The record does not support Tammy's contention that the exception in subsection 606(b-1) applies, and we are not persuaded by her other arguments in support of the challenged order. *See id.* § 606(b), (b-1). Accordingly, we hold that Respondent abused his discretion when he rescinded his prior order granting Derek's motion for assignment of a statutory probate court judge and transferred the lawsuit to district court.

#### CONCLUSION

Because we have held that Respondent abused his discretion, and appeal is an inadequate remedy, we conditionally grant the writ of mandamus. We are confident, however, that Respondent will promptly (1) vacate his March 27, 2009 order entitled "Order Rescinding Request

5

for Assignment of Statutory Probate Judge and Transferring Contested Matter to District Court" and (2) issue an order granting Derek's motion requesting assignment of a statutory probate court judge to hear the lawsuit.  The writ will issue only if he fails to do so within ten days of the date of this opinion and corresponding order.  Our stay of June 11, 2009 is hereby lifted.

   BRIAN HOYLE   
Justice

Opinion delivered June 17, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)