# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

———————————

## ON REHEARING

———————————

———————————

## NO. 03-14-00511-CV

———————————

**Mary Blanchard, Appellant**

v.

**Grace McNeill, in her Capacity as Successor Trustee and Beneficiary of the
Dixie Lee Hudlow Living Trust; Harold McNeill as Beneficiary of the Dixie Lee Hudlow
Living Trust; and the Dixie Lee Hudlow Living Trust, Appellees**

———————————

**FROM PROBATE COURT NO. 1 OF TRAVIS COUNTY
NO. C-1-PB-13-001179, HONORABLE GUY S. HERMAN, JUDGE PRESIDING**

———————————

———————————

## NO. 03-15-00048-CV

———————————

**In re Mary Blanchard**

———————————

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

———————————

## M E M O R A N D U M   O P I N I O N

———————————

We withdraw the opinion and judgment dated January 23, 2015, and substitute the following opinion and judgment in their place. We deny Blanchard's motion for en banc reconsideration.

The appellees have moved to dismiss this appeal. For the following reasons, we grant the motion and dismiss the appeal, dismiss appellant's motion to stay as moot, and deny appellant's alternative petition for writ of mandamus.

Appellant Mary Blanchard seeks review of the Travis County Probate Court's order transferring a suit to itself. Blanchard filed suit in Harris County District Court against the same parties who are appellees in this case to contest the disposition of property through the Dixie Lee Hudlow Living Trust and to impose a constructive trust against Dixie Lee Hudlow's property based on Blanchard's allegation that the property was promised to her by Dixie Lee Hudlow in exchange for lifetime care of Dixie Lee Hudlow. Blanchard's suit in Harris County was filed after Hudlow died and after her will had been probated in Travis County Probate Court Number One, but while the probate proceeding was still pending.

When the Probate Court probated the will, it appointed Grace McNeill as independent executor of Hudlow's estate. McNeill, as executor, filed in the Probate Court a motion to transfer the Harris County suit to the Probate Court and to consolidate the Harris County suit with a pending declaratory judgment action filed by McNeill in the Probate Court to declare the validity of the Living Trust and its Third Amendment. *See* Tex. Est. Code § 34.001 (allowing statutory probate court judge to "transfer to the judge's court from a district, county, or statutory court a cause of action related to a probate proceeding pending in the statutory probate court" and to "consolidate the transferred cause of action" with other pending related proceedings). The Probate Court granted the motion, and this appeal followed.

The appellees assert that the Probate Court's transfer order is a non-appealable interlocutory order, and therefore, this Court lacks jurisdiction to consider Blanchard's appeal. In response, Blanchard filed a motion for temporary stay of the transfer order and all proceedings in the Probate Court pending the resolution of her appeal, responded to appellees' arguments for dismissal, and in the alternative, requested that we treat her appeal as a mandamus.

Unless a statute authorizes an interlocutory appeal, the jurisdiction of this Court is limited to the review of final judgments. *See* Tex. Civ. Prac. & Rem. Code §§ 51.012, .014; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Probate proceedings are an exception to this rule because "'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.'" *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (quoting *Lehmann*, 39 S.W.3d at 192). But not every interlocutory order in a probate case is appealable. The Texas Supreme Court has adopted a test for determining whether an order in a probate proceeding is interlocutory or final and appealable:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995). Courts that have considered whether orders granting or denying a transfer of a case to probate court are final and appealable have determined that they are not. *See, e.g.*, *State v. Fernandez*, 159 S.W.3d 678, 682 (Tex. App.—Corpus Christi 2004, no pet.); *Forlano v. Joyner*, 906 S.W.2d 118, 120 (Tex. App.—Houston

[1st Dist.] 1995, no writ). No express statute declares a decision to grant or deny a transfer of a case to probate court to be final and appealable. *Forlano*, 906 S.W.2d at 120. In this case, the transfer order did not dispose of any parties or issues in any particular phase of the proceedings. *See id.* Instead, the order only changes the venue in which the issues raised in Blanchard's Harris County suit will be decided. *See In re Guardianship of Murphy*, 1 S.W.3d 171, 172 (Tex. App.—Fort Worth 1999, no pet.). Under *Crowson*, a transfer order standing alone can never be appealable because the order does not resolve a severable claim. *See Forlano*, 906 S.W.2d at 120.

We conclude that the transfer order is not final and appealable. Accordingly, we grant appellees' motion and dismiss the appeal for want of jurisdiction, and we dismiss Blanchard's motion for temporary stay of the transfer order and the probate proceedings as moot. *See* Tex. R. App. P. 42.3.

Because we conclude that we lack jurisdiction to consider the transfer order on direct appeal, we will consider Blanchard's alternative petition for writ of mandamus. *See CMH Homes v. Perez*, 340 S.W.3d 444, 452 (Tex. 2011) (holding that party invoked appellate court's original jurisdiction by specifically requesting that its appeal be treated as mandamus petition). Having reviewed Blanchard's filings, McNeill's response, and the record provided, we conclude that the trial court did not abuse its discretion by transferring the Harris County suit to the statutory probate court under the authority of Estates Code Section 34.001.[1] *See* Tex. Estates Code §§ 31.002(c)(1) (defining "matter related to a probate proceeding" as including "the interpretation and administration

---

[1] Travis County Probate Court No. 1 is a statutory probate court. *See* Tex. Gov't Code § 25.2291(c).

4

of an inter vivos trust created by a decedent whose will has been admitted to probate in the court"), 34.001 (providing statutory probate court with discretionary authority to transfer from another court "a cause of action related to a probate proceeding pending in the statutory probate court"). Therefore, we deny Blanchard's petition for mandamus relief. *See* Tex. R. App. P. 52.8(a).

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

No. 03-14-00511-CV   Dismissed for Want of Jurisdiction on Rehearing

No. 03-15-00048-CV   Denied on Rehearing

Filed:   April 1, 2015