

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00081-CV

THE ESTATE OF GLENDA
RHOADES

----------

FROM COUNTY COURT AT LAW NO. 2 OF PARKER COUNTY
TRIAL COURT NO. CIV-13-0909

----------

## MEMORANDUM OPINION[1]

----------

Appellants Norma Anderson, Paula Gilleland, Gerald Don Marrs, Joann Dycus, and Vicki George attempt to appeal from the trial court's summary-judgment order. Because we conclude the order was not final for purposes of appeal, we grant appellee Elise Kinler's motion to dismiss and dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

---

[1]*See* Tex. R. App. P. 47.4.

On October 4, 2007, Glenda Rhoades signed a will in which she devised "all of [her] interest in . . . [her] residential homestead" and "all of [her] personal property" to her father. Similarly, she devised "all of the rest of [her] estate of whatsoever kind and wheresoever situated" to her father; however, if her father predeceased her, she stated that "his portion" of this property was to be distributed to Kinler "for the benefit of [Kinler] and [her son]." Rhoades then stated that "any other property . . . that has not been disposed of under any other provision of this Will shall go and be distributed to my heirs-at-law," i.e., Appellants. Rhoades expressed her intent that an independent administration be created and named Kinler as the independent executor. *See* Tex. Est. Code Ann. § 401.001(a) (West 2014). Rhoades died on August 1, 2013, and her father predeceased her.[2]

On August 21, 2013, Kinler filed an application to probate Rhoades's will and requested the issuance of letters testamentary. *See id.* §§ 256.052, 301.052 (West 2014). Anderson filed an opposition to the appointment of Kinler as independent executor and an application for the appointment of a temporary

[2]Because the date of Rhoades's death and some of the subsequent probate filings occurred before January 1, 2014, specified portions of the probate code, not their counterparts in the recently codified estates code, would apply to some aspects of the administration of Rhoades's estate. *See, e.g.*, Act of May 24, 2013, 83d Leg., R.S., ch. 1136, § 62, 2013 Tex. Sess. Law Serv. 2740, 2756–57 (West). Because the estates-code sections at issue are not substantively different from their predecessors in the probate code, we will cite to the estates code. *See* Tex. Est. Code Ann. § 21.001(a)–(b) (West 2014); *In re Bridgestone Ams. Tire Operations, LLC*, 58 Tex. Sup. Ct. J. 653, 2015 WL 1869908, at *5 n.8 (Apr. 24, 2015) (orig. proceeding).

administrator. *See id.* §§ 55.001, 301.101, 452.002 (West 2014). Appellants then filed a petition for declaratory judgment, seeking a declaration that Rhoades's estate passed to Appellants under the residuary clause because the distributions to Rhoades's father failed. Appellants also pleaded for the recovery of their attorney's fees. Likewise, Kinler filed a declaratory-judgment petition, requesting a declaration that the entire estate passed to Kinler because Rhoades's father predeceased her and pleading for the recovery of her attorney's fees.

Kinler and Appellants also filed competing motions for summary judgment. *See* Tex. R. Civ. P. 166a(c). Appellants argued that the unambiguous terms of the will dictated that Rhoades's estate passed to Appellants, which justified a judgment in their favor on their declaratory-judgment claim. Appellants also moved for a summary judgment on their claim for attorney's fees, attaching summary-judgment evidence proving up the requested amount of fees. Kinler argued in her summary-judgment motion that the terms of the will were unambiguous and could be construed in no way other than that the estate passed to Kinler because she is the only named alternate beneficiary. She did not ask for judgment as a matter of law on her claim for attorney's fees.

On January 28, 2015, the trial court entered an order granting Kinler's summary-judgment motion and denying Appellants'. Appellants filed a notice of appeal and then filed a notice of nonsuit in the trial court regarding Anderson's contest to the appointment of an independent executor and her application to

3

appoint a temporary administrator.  *See* Tex. R. Civ. P. 162.  In their docketing statement, Appellants averred that their appeal was not interlocutory and that the summary-judgment order disposed of all parties and issues.  On May 8, 2015, Kinler filed a motion to dismiss Appellants' appeal for want of jurisdiction and asserted that the order appealed from is not final.  Although Kinler's certificate of conference reflected that Appellants were opposed to her motion, Appellants did not file a response.[3]  *See* Tex. R. App. P. 10.1, 10.3(a).  We must first address our jurisdiction before looking to the merits of the attempted appeal.  *See In re Estate of Coleman*, 360 S.W.3d 606, 608–09 (Tex. App.—El Paso 2011, no pet.).

Generally, appeals may be taken only from final judgments.  *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).  A judgment is not final for purposes of appeal unless it disposes of all pending parties and claims in the record.  *Id.*; *see* Tex. R. Civ. P. 301.  Probate proceedings are an exception to this one-final-judgment rule because they may involve multiple orders on discrete issues, each of which may be final for purposes of appeal.  *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (op. on reh'g); *Christensen v. Harkins*, 740 S.W.2d 69, 74 (Tex. App.—Fort Worth 1987, no writ).  Therefore, a probate-court order is final for purposes of appeal if the order disposes of a discrete phase of the proceeding or if a statute expressly provides that a particular order is final

---

[3]On May 20, 2015, more than ten days after Kinler filed her motion to dismiss, Appellants filed their opening brief on the merits, but they did not address this court's jurisdiction.

and appealable. *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995); *see* Tex. Est. Code Ann. § 32.001(c) (West 2014) (allowing appeals from final orders in probate cases); *see, e.g.*, *id.* §§ 202.202, 356.556(c) (West 2014) (providing court action on report of sale and order in proceeding to declare heirship for intestate decedent are final judgments).

Here, no statute expressly authorizes an immediate appeal from the trial court's summary-judgment order. *See Coleman*, 360 S.W.3d at 609. Therefore, we turn to a consideration of whether the order disposed of all issues in the phase of the proceeding for which it was brought. The relevant and discrete portion of the probate proceeding presented through the parties' declaratory-judgment petitions and competing motions for summary judgment was a determination of the effect of the failure of Rhoades's devise to her father. *See* Tex. Est. Code Ann. §§ 255.151–.154 (West 2014). In other words, the discrete phase at issue was the construction of the will. *See Sanders v. Capitol Area Council*, 930 S.W.2d 905, 909–10 (Tex. App.—Austin 1996, no writ) (op. on reh'g); Troy A. Hornsby, *The Probate Exception to the "One Final Judgment" Rule*, 20 App. Advoc. 169, 170–72 (2008); *cf. Coleman*, 360 S.W.3d at 609–10 (concluding summary-judgment order was final because it disposed of all claims related to request to probate will and issue letters testamentary). Therefore, if the trial court's order disposed of all issues implicated in that phase of the proceeding, it was final for purposes of appeal even though other probate issues unrelated to the construction of the will remained pending.

5

As shown in our previous recitation of the facts, Kinler did not move for summary judgment on her claim for attorney's fees, and the trial court's order did not address that claim. Although not dispositive, the order also contained no finality language indicating that the trial court intended for the order to be final. Kinler's outstanding claim for attorney's fees renders the trial court's summary-judgment order not final for purposes of appeal. *See Haluska v. Haluska-Rausch*, No. 03-11-00312-CV, 2012 WL 254639, at *2 (Tex. App.—Austin Jan. 24, 2012, no pet.) (mem. op.); *In re Estate of Willett*, 211 S.W.3d 364, 367 (Tex. App.—San Antonio 2006, no pet.); *Villarreal v. Zukowsky*, 54 S.W.3d 926, 929–30 (Tex. App.—Corpus Christi 2001, no pet.).

Therefore, we dismiss Appellants' attempted appeal for want of jurisdiction.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

SUDDERTH, J. filed a concurring opinion

DELIVERED:  June 11, 2015

6