Dismissed and Memorandum Opinion filed December 3, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00800-CV

____________

 

J.A. (“JAY”) ASAFI, AS INDEPENDENT ADMINISTRATOR OF
THE ESTATE OF ALOSIA SMITH RAUSCHER, Deceased, and TODD REAGAN SMITH, Appellants

 

V.

 

MARTIN J. RAUSCHER, Appellee

 



 

On Appeal from the Probate Court No 2

Harris County, Texas

Trial Court Cause No. 381,121

 



 

M E M O R
A N D U M   O P I N I O N

This is an attempted appeal of three partial summary judgment orders entered
in a probate proceeding. Appellant Asafi, on behalf of the Estate, filed suit
asserting that the Estate may have an interest in certain accounts held in the
name of the decedent. Appellant Smith, the decedent’s son, claimed ownership of
the accounts pursuant to an assignment executed by Asafi as the decedent’s
attorney-in-fact nine days before her death. Appellee, the decedent’s husband,
filed motions for partial summary judgment asking the probate court to
determine that he was the owner of the funds or stock in three of the disputed
accounts by non-testamentary transfers pursuant to Sections 451 and 452 of the
Texas Probate Code. See Tex. Prob. Code Ann. §§451, 452 (Vernon 2003).
The trial court granted the motions and this appeal followed.

Generally, appeals may be taken only from final judgments. Lehmann
v. Har‑Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). The orders are
clearly not final in the traditional sense. The orders each state that
appellee’s motion for partial summary judgment is granted; the orders
contain no language of finality. The probate proceedings have not been
concluded. Appellant Asafi, as independent administrator, has not yet filed an
inventory and list of claims against the Estate. Trial is scheduled for
February 22, 2010.

Probate proceedings are an exception to the “one final judgment” rule; in
such cases, multiple judgments may be final for purposes of appeal on certain
discrete issues. Lehmann, 39 S.W.3d at 192. The Texas Supreme Court has
adopted the following test for determining the finality of orders in probate
cases:

If there is an express statute, such as the one for
the complete heirship judgment, declaring the phase of the probate proceedings
to be final and appealable, that statute controls. Otherwise, if there is a
proceeding of which the order in question may logically be considered a part,
but one or more pleadings also part of that proceeding raise issues or parties
not disposed of, then the probate order is interlocutory.

 

Crowson v.
Wakeham, 897 S.W.2d
779, 783 (Tex. 1995). To be considered final, the order must dispose of all
issues in the “phase of the proceeding” for which it was brought. De Ayala
v. Mackie, 193 S.W.3d 575, 578 (Tex. 2006). 

            Appellants did not seek severance orders after the partial
summary judgments were granted. See Crowson, 897 S.W.2d at 783
(suggesting that parties seek a severance order for purposes of finality). No statute
expressly declares this phase of the probate proceedings to be final. See
id. Therefore, we must determine whether the pleadings raise issues that
have not been disposed of in this phase of the proceedings. See id.

Because it appeared that the partial summary judgment orders
may be interlocutory, notification was transmitted to the parties of our
intention to dismiss the appeal for want of jurisdiction unless appellants
filed a response demonstrating that this court has jurisdiction over the
appeal. See Tex. R. App. P. 42.3(a). Appellants filed a response, and
appellee filed a motion to dismiss the appeal for want of jurisdiction.

The orders that appellants have attempted to appeal do not
satisfy the Crowson test. According to the pleadings, appellant Asafi
has pending claims against appellee seeking the turnover of the subject
accounts and for a constructive trust. Appellant Smith has pending claims
against appellee for tortious interference, fraud and unjust enrichment.
Appellee has a pending declaratory judgment action and a claim for intentional
infliction of emotion distress against appellants. Appellee asserts that there
is another motion for partial summary judgment pending to determine whether
other accounts have passed to appellee by non-testamentary transfer or are
Estate assets. Appellee also asserts a motion is pending to remove Asafi as
Independent Administrator. These pleadings raise other, related issues that
have not been resolved. See In re Estate of Frenzel, No. 13-07-00341-CV,
2009 WL 2192656 *3 (Tex. App.—Corpus Christi Jul. 23, 2009, no pet.) (mem. op.)
(holding “final” judgment in declaratory action was interlocutory because it
did not dispose of all issues raised in the action). The partial summary
judgments in this case have not concluded a “particular phase of the
proceedings;” instead, they are interrelated to the issues that remain pending
before the court. The partial summary judgment orders are only part of the
ongoing process to determine what assets are included in the Estate. 

In appellants’ response, they urge that review of these
partial summary judgment orders is appropriate because any error may harm later
phases of the proceedings. See De Ayala, 193 S.W.3d at 578 (recognizing
the justification for permitting appeals from multiple judgments in probate
cases is to prevent harm in later phases). They rely on Majeski v. Estate of
Majeski, in which an order determining the homestead status of property was
found to be final and appealable, even though claims remained as to other estate
assets. 163 S.W.3d 102 (Tex. App.—Austin 2005, no pet.). The court of appeals
determined that the homestead question was the only dispute at issue at that
stage of the probate proceedings. Id. at 106.

We conclude that this case is more akin to the situation in Crowson.
There, the trial court granted a partial summary judgment determining that
a will contestant was not the common law wife of the decedent. 897 S.W.2d at
780. Even though this ruling adjudicated a substantial right as to the will
contestant, it left pending all the other claims against the will contestant. Id.
at 782-83. The Texas Supreme Court determined that the “phase of the
proceedings” was the whole heirship proceeding. Id. at 783. We hold that
under Crowson, the trial court’s orders in this case are interlocutory and
not subject to immediate appeal because they do not dispose of all parties or
issues in a particular phase of the proceedings below. 

Accordingly, we are without jurisdiction over the appeal and order
it dismissed.

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Seymore and Sullivan.