

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00194-CV

ESTATE OF EVANS JOHN
KARPENKO

----------

## FROM PROBATE COURT NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellants Sharon Karpenko, individually and as independent executrix of the estate of Evans John Karpenko, deceased, and Bill H. Yarborough attempt to appeal from a May 17, 2011 order granting a motion for partial summary judgment in favor of Appellees Joseph Y. Karpenko and J. Mark Karpenko, co-trustees of the Frances Karpenko Trust. On June 7, 2011, we notified Appellants of our concern that the court lacks jurisdiction over this appeal because the May 17, 2011 order does not appear to be a final judgment or an appealable

---

[1]*See* Tex. R. App. P. 47.4.

interlocutory order. We also notified Appellants that the appeal may be dismissed for want of jurisdiction unless Appellants or any party desiring to continue the appeal filed with the court on or before June 17, 2011, a response showing grounds for continuing the appeal. We received responses, but they do not show grounds for continuing the appeal; the interlocutory order does not dispose of all parties or issues in a particular phase of the proceedings. *See Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995) ("[I]f there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory."); *see also De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (discussing interlocutory probate appeals).

Absent an interlocutory appeal that is specifically authorized by the constitution or statute, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or clearly and unequivocally states that it finally disposes of all claims and parties. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). The May 17, 2011 order reflects that the trial court granted a partial summary judgment for Appellees on their claims against Appellants seeking a declaratory judgment and for breach of fiduciary duty only. The order did not dispose of Appellees' remaining claims for unjust enrichment and damages and Appellants' breach of fiduciary duty counterclaim. Appellants do not direct us to any authority permitting an

interlocutory appeal, and the trial court denied Appellants' motion for severance. Accordingly, because the May 17, 2011 partial summary judgment order is neither a final judgment nor an appealable interlocutory order, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL: MEIER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DELIVERED: August 11, 2011