In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00314-CV**

_____

**IN THE ESTATE OF JAMES E. FARMER A/K/A PETE FARMER**

**On Appeal from the 356th District Court**
**Hardin County, Texas**
**Trial Cause No. 57314**

**MEMORANDUM OPINION**

This is a probate proceeding involving a petition for declaratory relief and demand for an accounting. On July 24, 2018, the trial court signed an order granting in part and denying in part the motion for partial summary judgment of plaintiffs Angela Khalil and Ryan Farmer, granting in part and denying in part the motions for summary judgment of defendants Lisa Ann Farmer Hunt and Lorraine Farmer, ordering that plaintiffs take nothing on their claims to the extent those claims seek to recover non-probate property or assets, and rendering declaratory judgment as to a joint will and characterization of non-probate assets. On August 21, 2018, Angela

1

Khalil and Ryan Farmer filed a notice of appeal asserting that the trial court's order disposed of all issues in the case. Lisa Ann Farmer Hunt and Lorraine Farmer filed notices of appeal subject to motions to dismiss the appeal.

Hunt filed a motion to dismiss the appeal. She contends that the trial court's order neither disposed of plaintiffs' claims, demand for accounting, and petition for declaratory judgment as to probate assets, nor disposed of defendants' claims for attorneys' fees. Hunt alleges that the language in the order stating that all other relief requested and not therein granted is denied does not make the order a final order because it follows a summary judgment proceeding rather than a trial on the merits. No response has been filed.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). In probate proceedings, however, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *Id.* at 192.

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995). The order is interlocutory and not subject to immediate appeal if it "does not end a phase of the proceedings,

but sets the stage for the resolution of all proceedings[.]" *De Ayala v. Mackie*, 193 S.W.3d 575, 579 (Tex. 2006).

None of the appellants or cross-appellants have identified a statute that makes the order appealable at this time. *See, e.g.*, Tex. Est. Code Ann. § 32.001(c) (West 2014). The order does not dispose of claims relating to probate assets or attorneys' fees. We conclude the trial court's order is interlocutory and not subject to immediate appeal because it does not dispose of all issues in a particular phase of the proceedings below. We grant the motion to dismiss and dismiss the appeal for lack of jurisdiction without reference to the merits.

APPEAL DISMISSED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on October 31, 2018
Opinion Delivered November 1, 2018

Before McKeithen, C.J., Kreger and Horton, JJ.