**Matthew R. POLLARD, Independent Executor of the Estate of Marie A. Merkel, Appellant,**

**v.**

**Rupert M. POLLARD, Appellee.**

**No. 05–09–01087–CV.**

Court of Appeals of Texas, Dallas.

June 25, 2010.

R.W. Calloway, Nicole P. Wolff, Mary C. Burdette and Scott D. Weber, Calloway, Norris, Burdette & Weber, PLLC, Dallas, TX, Appellant.

Don Duane Ford, Ford & Mathiason LLP, Rupert M. Pollard, Dallas, TX, for Appellee.

Before Justices BRIDGES, FITZGERALD, and FILLMORE.

## OPINION

Opinion By Justice FITZGERALD.

Matthew R. Pollard, as the Independent Executor of the Estate of Marie A. Merkel (the "Executor"), appeals the trial court's June 12, 2009 order that he deliver a full and complete accounting of the Estate to Rupert M. Pollard ("Pollard"). Because we conclude the accounting order is not appealable, we dismiss this appeal for lack of jurisdiction.

Merkel died on October 10, 2004. At the time of her death, she and Pollard were parties to a divorce action in district court. Pollard and the Executor have continued to litigate concerning whether the couple was still married at the time of Merkel's death.

Merkel's will was admitted to probate on February 14, 2005. On January 31, 2008, counsel for Pollard sent a letter to counsel for the Executor demanding an accounting of the Estate pursuant to Section 149A of the Texas Probate Code. That section provides:

At any time after the expiration of fifteen months from the date that an independent administration was created and the order appointing an independent executor was entered by the county court, any person interested in the estate may demand an accounting from the independent executor. The independent executor shall thereupon furnish to the person or persons making the demand an exhibit in writing, sworn and subscribed by the independent executor, setting forth in detail:

1. The property belonging to the estate which has come into his hands as executor.

2. The disposition that has been made of such property.

3. The debts that have been paid.

4. The debts and expenses, if any, still owing by the estate.

5. The property of the estate, if any, still remaining in his hands.

6. Such other facts as may be necessary to a full and definite understanding of the exact condition of the estate.

7. Such facts, if any, that show why the administration should not be closed and the estate distributed.

TEX. PROB.CODE ANN. § 149A(a) (Vernon 2003). The Executor took the position—in a Motion in Limine filed with the court and in a letter to Pollard—that Pollard was not an "interested person" within the meaning of the statute and thus was not entitled to an accounting. An "interested person," in this context, is an heir, devisee, spouse, creditor, or any other having a property right in, or claim against, the estate being administered. *Id.* § 3(r).

Pollard subsequently filed a Motion for Accounting, arguing he was an interested person because he was married to Merkel at the time of her death, and asking the court to order the Executor to make the accounting. *See id.* § 149A(b) (procedure for obtaining enforcement of demand for accounting). In its June 12, 2009 order, the trial court found that Pollard is an interested person in this case because he was married to Merkel at the time of her death. The court ordered Pollard to deliv-

er a full and complete accounting of the Estate. The Executor appealed. Pollard has filed a Motion to Dismiss for Want of Jurisdiction and Motion for Appellate Sanctions.

As a rule, parties may only appeal from final judgments. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Probate proceedings are an exception to the "one final judgment" rule; in probate proceedings more than one appealable judgment can be rendered on discrete issues. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex.2006). However, not every interlocutory order in a probate case is appealable. *Id.* The Texas Supreme Court has adopted a two-step test for determining when a probate order is appealable:

> [1] If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. [2] Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id.* (citing *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex.1995)).

No statute declares an order for an accounting to be final and appealable. And the order for an accounting is not part of any proceeding other than the overall independent administration of the Estate:

Pollard demanded "an accounting of this estate," and the trial court ordered "a full and complete accounting of this Estate." Unquestionably, the pleadings in this case raise issues and involve parties that have not been disposed of in the Estate's administration overall; the parties agree the administration remains open at this time. Accordingly, it would appear the order for an accounting is interlocutory. *See id.*

This conclusion is supported by the very nature of the accounting sought by Pollard. A section 149A accounting includes matters that clearly anticipate further action within the administration. *See, e.g.,* Tex. Prob.Code §§ 149A(a)(4) (debts and expenses, if any, still owing by the estate), 149A(a)(5) (property of the estate, if any, still remaining in the executor's hands), 149A(a)(7) ("such facts, if any, that show why the administration should not be closed and the estate distributed"). Section 149A also provides for "subsequent demands" for accountings. *Id.* § 149A(c). The interested person could demand periodic accountings as often as every twelve months. *See id.* This concept of ongoing reporting runs contrary to any notion of finality. Finally, Pollard's request for an accounting did not seek distribution of any portion of the Estate. *Compare id.* § 149A ("Accounting"), *with id.* § 149B ("Accounting and Distribution").[1] Thus, if Pollard's section 149A accounting motion and order were severed from the remainder of the Estate's administration, there would be no resolution of his claim. *See*

---

1. This section provides:

   In addition to or in lieu of the right to an accounting provided by Section 149A of this code, at any time after the expiration of two years from the date that an independent administration was created and the order appointing an independent executor was entered, a person interested in the estate may petition the county court, as that term is defined by Section 3 of this code, for an accounting and distribution. The court may order an accounting to be made with the court by the independent executor at such time as the court deems proper. The accounting shall include the information that the court deems necessary to determine whether any part of the estate should be distributed.

   *Id.* § 149B(a).

*De Ayala,* 193 S.W.3d at 578 (supreme court urged parties to seek severance when judgment would resolve party's claim to eliminate ambiguity about finality). The court's accounting order merely provides Pollard with information about the Estate's administration. Like the interlocutory order in *De Ayala,* the accounting order "is more like a prelude than a finale." *See id.* at 578–79.

We conclude the trial court's accounting order does not resolve any independent phase of the proceedings. It is not final and appealable. Accordingly, we grant Pollard's motion and dismiss this appeal for lack of jurisdiction. However, we see no evidence that the Executor's appeal was brought solely for purposes of delay as Pollard contends. On the contrary, the Executor clearly wishes to challenge the reasoning behind the trial court's signing the order for an accounting. This is not the time for that challenge, and we deny Pollard's motion for sanctions for bringing a frivolous appeal.