02-11-194-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00194-CV

 

 


 
 
 Estate of Evans John Karpenko
 
 
  
 
 
  
 
 


 

 

----------

FROM Probate
Court No. 2 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellants
Sharon Karpenko, individually and as independent executrix of the estate of
Evans John Karpenko, deceased, and Bill H. Yarborough attempt to appeal from a
May 17, 2011 order granting a motion for partial summary judgment in favor of
Appellees Joseph Y. Karpenko and J. Mark Karpenko, co-trustees of the Frances
Karpenko Trust.  On June 7, 2011, we notified Appellants of our concern that
the court lacks jurisdiction over this appeal because the May 17, 2011 order
does not appear to be a final judgment or an appealable interlocutory order. 
We also notified Appellants that the appeal may be dismissed for want of
jurisdiction unless Appellants or any party desiring to continue the appeal
filed with the court on or before June 17, 2011, a response showing grounds for
continuing the appeal.  We received responses, but they do not show grounds for
continuing the appeal; the interlocutory order does not dispose of all parties
or issues in a particular phase of the proceedings.  See Crowson v. Wakeham,
897 S.W.2d 779, 783 (Tex. 1995) (“[I]f there is a proceeding of which the order
in question may logically be considered a part, but one or more pleadings also
part of that proceeding raise issues or parties not disposed of, then the
probate order is interlocutory.”); see also De Ayala v. Mackie, 193
S.W.3d 575, 578 (Tex. 2006) (discussing interlocutory probate appeals).

          Absent
an interlocutory appeal that is specifically authorized by the constitution or
statute, an order or judgment is not final for purposes of appeal unless it
actually disposes of every pending claim and party or clearly and unequivocally
states that it finally disposes of all claims and parties.  Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001).  The May 17, 2011 order
reflects that the trial court granted a partial summary judgment for Appellees
on their claims against Appellants seeking a declaratory judgment and for
breach of fiduciary duty only.  The order did not dispose of Appellees’ remaining
claims for unjust enrichment and damages and Appellants’ breach of fiduciary
duty counterclaim.  Appellants do not direct us to any authority permitting an
interlocutory appeal, and the trial court denied Appellants’ motion for
severance.  Accordingly, because the May 17, 2011 partial summary judgment order
is neither a final judgment nor an appealable interlocutory order, we dismiss
this appeal for want of jurisdiction.  See Tex. R. App. P. 42.3(a),
43.2(f).

 

 

 

PER CURIAM

 

PANEL: 
MEIER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

 

DELIVERED:  August 11, 2011









[1]See Tex. R. App. P. 47.4.