**DISMISS and Opinion Filed June 12, 2013.**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-13-00520-CV**

## IN RE: THE ESTATE OF JOHN CLIFFORD MONTEZ, DECEASED

**On Appeal from the Probate Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. PR-04-1091-2**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Myers

In a jurisdictional letter dated April 23, 2013, the Court questioned its jurisdiction over the appeal. Specifically, it appeared the order appellant was appealing was interlocutory. The Court requested that appellant file a jurisdictional brief and gave appellee an opportunity to respond. Appellant filed a jurisdictional brief but appellee did not respond.

Appellant is appealing the trial court's order requiring genetic testing in an heirship proceeding. Except in certain circumstances, this Court has jurisdiction only over final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A final judgment is one that disposes of all pending parties and claims. *Id.*

In the context of a probate case, if there is an express statute declaring a phase of the probate proceeding to be final and appealable, that statute controls. *See Crowson v. Wakeham*, 897 S.W.2d 779, 883 (Tex. 1995). The probate code does provide for a complete heirship judgment. Section 54 of the probate code requires that a judgment in a proceeding to determine

heirship declare the names and places of residence of the decedent's heirs and their respective shares and interests in the real and personal property of the decedent. *See* TEX. PROB. CODE ANN. § 54 (West 2003). Such a judgment is final and may be appealed within the same time limits and in the same manner as other judgments in probate matters. *See* TEX. PROB. CODE ANN. § 55 (West 2003).

In a proceeding to determine heirship, a court may order genetic testing. *See* TEX. PROB. CODE ANN. § 53A(a) (West Supp. 2012). On February 15, 2013, the probate court ordered genetic testing of both appellant and another potential heir. It is this order that appellant appeals. In her jurisdictional brief, appellant argues that this Court has jurisdiction pursuant to a federal law and a federal rule of appellate procedure. Appellant cites to section 636(c)(3) of the United States Code. This provision concerns appeals from federal magistrate judges to United States courts of appeals. *See* 28 U.S.C.A. § 636(c)(3) (West Supp. 2012). Rule 4(a)(3) of the federal rules of appellate procedure concerns multiple appeals from a judgment of a magistrate judge in a civil case. FED. R. APP. P. 4(a)(3). Neither of these provisions supports appellant's argument.

The order appellant is appealing is *part* of the heirship proceeding but it does not finally determine heirship. For this reason, it is an interlocutory order and not appealable. Because this Court does not have jurisdiction, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

/Lana Myers/
_____
LANA MYERS
130520F.P05                                            JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN RE: THE ESTATE OF JOHN
CLIFFORD MONTEZ, DECEASED

No. 05-13-00520-CV

On Appeal from the Probate Court No. 2,
Dallas County, Texas.
Trial Court Cause No. PR-04-1091-2.
Opinion delivered by Justice Myers.
Justices Lang and Evans, participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee, Victoria E. Montez, recover her costs of this appeal from appellant, Delores Trimble.

Judgment entered this 12th day of June, 2013.

/Lana Myers/
LANA MYERS
JUSTICE

–3–