In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00338-CV

_____

IN THE ESTATE OF CHLORA F. CORBIN

**On Appeal from County Court at Law No. 2**
**Montgomery County, Texas**
**Trial Cause No. 12-29673-P**

**MEMORANDUM OPINION**

Carlton Eugene Corbin, acting *pro se*, appeals from the probate court's decisions to grant his sister's application to probate their mother's will and to appoint his sister as the executrix of their mother's estate. We affirm the trial court's order.

Initially, we note that we have jurisdiction to review Carlton's appeal. An order disposing of a discrete phase of a probate proceeding is considered to be final for the purpose of granting us the right to hear an appeal that relates to that phase of the proceeding. *See Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995).

1

When a probate court renders a final order, the order is appealable. Tex. Est. Code Ann. § 32.001(c) (West 2014).

Carlton's mother, Chlora F. Corbin, died in February 2012. Chlora's will, signed in August 1999, divided Chlora's estate equally between Chlora's son, Carlton, and Chlora's daughter, Vera Corbin Pavlovsky. Vera was identified in Chlora's will as the person that she wanted to serve as the independent executrix of her estate. After Chlora's death, Vera offered the will for probate, and she asked the probate court to appoint her to serve as the estate's independent executrix. Carlton, who was at that time represented by counsel, opposed Vera's appointment and her request to probate Chlora's 1999 will.

In 2013, in a trial before the bench, the trial court admitted Chlora's will to probate and appointed Vera as the independent executrix of Chlora's estate. In his *pro se* brief, Carlton complains about the manner that his attorney handled the case, and he concludes that he was deprived of the effective assistance of counsel. However, Carlton fails to cite any authority for the proposition that the right to effective assistance extends to a probate proceeding.

With a few exceptions that are not pertinent here, the right to effective assistance of counsel does not generally extend to civil cases. *See Cherqui v. Westheimer St. Festival Corp.*, 116 S.W.3d 337, 343-44 (Tex. App.—Houston

2

[14th Dist.] 2003, no pet.); *In re M.S.*, 115 S.W.3d 534, 544-45 (Tex. 2003) (extending right to effective counsel to parental-rights termination cases); *In re Protection of H.W.*, 85 S.W.3d 348, 355-56 (Tex. App.—Tyler 2002, no pet.) (noting that the right to effective counsel extends to involuntary civil commitment cases). With respect to probate matters, however, the Fourteenth Court of Appeals has noted that the constitutional right to be represented by effective counsel does not apply. *See Donihoo v. Carson*, No. 01-08-00277-CV, 2010 Tex. App. LEXIS 2343, at **29-30 (Tex. App.—Houston [1st Dist.] Mar. 25, 2010, pet. denied). Carlton's arguments complaining that he received ineffective counsel are overruled.

Carlton also complains that the trial court admitted the will to probate and appointed Vera as the executrix of Chlora's estate before the bench trial occurred. However, the record does not support Carlton's claim. According to Carlton, the file stamp on the documents in the clerk's record shows that the documents at issue were signed before trial. But, the file stamp shows when the documents were filed with the clerk, and while the file stamps on the documents indicate when, by hour and minute, the documents were filed of record, they do not indicate, by hour and minute, when the trial judge signed them.

It is common that drafts of orders are filed for record before trial, and then signed following the trial. *See e.g.*, Tex. R. Civ. P. 305 (providing for the submission and serving of proposed judgments). Additionally, the reporter's record shows that Carlton was present and participated—through counsel—during the trial. After the parties rested and the parties presented argument, the trial court asked whether anyone had a proposed order. Then, the trial court orally announced its rulings, stating that the court would admit Chlora's will for probate and appoint Vera as the "independent execut[rix] to serve without bond contingent upon filing the appropriate oath." From the record before us, it is clear that the trial court did not render the order at issue before the trial occurred. Instead, the record demonstrates that the trial court signed the proposed order after the trial ended, executing the proposed order that Vera's attorney had filed earlier that same day. Carlton's arguments asserting that the trial court decided the contested matters before hearing the evidence are overruled.

Carlton also complains the reporter's record is incomplete. However, the reporter's record of the trial appears to be complete, and Carlton did not seek to correct the reporter's record after it was filed in our court. *See* Tex. R. App. P. 10.2, 34.6(e)(3). Carlton's complaints alleging the reporter's record to be incomplete are overruled.

4

Carlton also complains about several matters that relate to Vera's administration of Chlora's estate. However, the order that is presently before us admits the will to probate, appoints Vera as the independent executrix of the estate, and orders the clerk to issue letters of testamentary. The order from which Carlton appeals does not reflect that the trial court has ruled on any of his complaints that relate to how Vera has administered the estate. We do not have jurisdiction based on the present order to rule on Carlton's remaining complaints, as the trial court has not yet ruled on them.

We affirm the trial court's order admitting Chlora F. Corbin's will for probate and appointing Vera to be the independent executrix of Chlora's estate.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on September 19, 2014
Opinion Delivered December 11, 2014

Before McKeithen, C.J., Horton and Johnson, JJ.

5