# NO. 12-18-00269-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF THE* | *§* | *APPEAL FROM THE* |
| *ESTATE OF ROY GENE BROWN,* | *§* | *COUNTY COURT AT LAW* |
| *DECEASED* | *§* | *RUSK COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

In September 2017, Virginia Brown filed an application to probate the August 30, 2017, will of Roy Gene Brown, decedent. This will bequeathed all of Roy's real property and estate to Virginia. Appellant, Brandy Rae Williams, Roy's granddaughter, filed an opposition to Virginia's application and stated that she is the sole devisee of a holographic will dated September 9, 2017. She also filed a counter-application to probate the will. Robert R. Brown, Roy's son, then filed a cross-application to probate a will dated December 11, 2014. This will bequeathed all of Roy's real property and estate to Robert. He filed an objection to Virginia's application and Williams's counter-application. Virginia filed an opposition to the applications filed by Williams and Robert.

Robert subsequently filed a motion for summary judgment declaring nonprobate property. This motion concerned only Roy's Citizens National Bank account, the funds from which were released to Robert on Roy's death pursuant to a payable on death (P.O.D.) provision. Williams filed a motion for summary judgment declaring the funds to be probate property. On July 2, 2018, the trial court signed a letter determining that the funds passed to Robert under Section 113.152 of the Texas Estates Code (ownership of P.O.D. account on death of party) and requested that Robert's counsel prepare a partial summary judgment order to that effect. On September 19, Virginia filed a motion for reconsideration.

On September 27, the trial court signed an order granting Robert's summary judgment motion and application for declaration and return of nonprobate property and denying Williams's

summary judgment motion and application for declaration. The trial court declared that (1) the funds in Roy's account are nonprobate, nontestamentary assets that were subject to a complete and unambiguous P.O.D. agreement naming Robert the sole P.O.D. beneficiary of the account; these funds belong solely to Robert as the sole P.O.D. beneficiary, and (2) funds that Robert transferred to the temporary administrator under court order for safe keeping were lawfully transferred to Robert as P.O.D. beneficiary, are not part of Roy's estate, and are not subject to diminishment or use by the temporary administrator to satisfy any claims for debts, fees, and expenses by or against the Estate. The order states that it is intended to be final and appealable only as to the declarations and orders regarding the nonprobate property and does not resolve all disputed matters between the parties.[1]

On September 28, the trial court signed a letter stating that Virginia filed no timely objection before the summary judgment deadline and asserted no pleadings, answer, or meritorious defense. Thus, the trial court declined to reconsider its ruling. On October 4, Williams filed a notice of appeal from the September 27 judgment. Virginia did not file a notice of appeal.

On November 28, Williams filed a motion to dismiss the appeal on grounds that "all matters in controversy relating to the appeal have been resolved." In response, Virginia stated that only Williams and Robert reached an agreement in mediation, but that she did not. According to Virginia, the settlement agreement between Williams and Robert leaves her "without any remaining claim to funds that would pass to her under her purported will if admitted to probate … [t]he settlement has yet to be presented to the trial court for entry of an order authorizing disbursement." She asks this Court to abate the appeal to allow the trial court to review the partial settlement agreement before entry of an order disbursing funds. In reply, Williams maintains that she has a right to dismiss her appeal and Virginia failed to perfect an appeal from the proceedings below.

---

[1] Some orders in probate proceedings are considered final and appealable. If there is an express statute declaring a phase of a probate proceeding to be final and appealable, that statute controls. *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995). "Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory." *Id.*; *see Lehmann v. Har–Con Corp.*, 39 S.W.3d 192, 193 (Tex. 2001) ("We consider only cases in which one final and appealable judgment can be rendered and not cases, like some probate and receivership proceedings, in which multiple judgments final for purposes of appeal can be rendered on certain discrete issues"). Because Williams filed a motion to dismiss the appeal, which we grant, we need not decide if the order appealed from is final and appealable under the *Crowson* test.

In accordance with an appellant's motion, an appellate court may dismiss the appeal or affirm the appealed judgment or order unless such disposition would prevent a party from seeking relief to which it would otherwise be entitled. TEX. R. APP. P. 42.1(a)(1). Virginia did not file a notice of appeal in this case. *See* TEX. R. APP. P. 25.1(c) ("[a] party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal … appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause"). Accordingly, if the appeal is dismissed, she will not be prevented from seeking any appellate relief to which she would otherwise be entitled. *See id.*; *see also Continental Intermodal Group-South Tex., L.L.C. v. Garcia*, No. 05-16-01102-CV, 2017 WL 1230592, at *1 (Tex. App.—Dallas Apr. 4, 2017, no pet.) (mem. op.) (granting appellants' motion to dismiss under Rule 42.1(a)(1) where appellees did not seek relief from the judgment on appeal); *Clear Lake City Water Auth. v. Friendswood Dev. Co., Ltd.*, 344 S.W.3d 514, 525 n.15 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (because Friendswood did not file a notice of appeal, it was not entitled to any affirmative relief). We, therefore, *grant* Williams's motion and *dismiss* the appeal.

Opinion delivered December 21, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 21, 2018**

**NO. 12-18-00269-CV**

**IN THE MATTER OF THE ESTATE
OF ROY GENE BROWN, DECEASED**

Appeal from the County Court at Law

of Rusk County, Texas (Tr.Ct.No. 17-118P)

THIS CAUSE came on to be heard on the motion of the Appellant to dismiss the appeal herein, and the same being considered, it is hereby ORDERED, ADJUDGED and DECREED by this Court that the motion to dismiss be **granted** and the appeal be **dismissed,** and that the decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*