

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

## No. 02-18-00414-CV

_____

ESTATE OF JOHN DAVID HARRIS, DECEASED

On Appeal from Probate Court No. 2
Tarrant County, Texas
Trial Court No. 2011-PR00903-1-2

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

David Glen Harris, the petitioner in an ongoing proceeding to determine heirship, attempts to appeal from the probate court's order denying his motion to vacate a September 28, 2018 order reinstating Monika Cooper as attorney ad litem for unknown heirs. Harris initially filed the heirship proceeding in 2011, and the trial court has not yet issued a final ruling.

We questioned our jurisdiction over the appeal because the trial court's order appears to be a nonappealable interlocutory order. Appellant responded that the order re-appointing Cooper—the subject of appellant's motion to vacate—is void because the trial court signed it outside its plenary power; therefore, he contends that the trial court's ruling on his motion to vacate is appealable because he can challenge a void order at any time.

We have jurisdiction only over final judgments that dispose of all parties and issues in a case unless a statute authorizes review of a particular type of interlocutory order. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). An exception applies in certain probate proceedings when a statute provides that a particular type of order is final and appealable, but in the absence of statutory authority, an order in a probate proceeding is interlocutory and not subject to immediate appeal unless it satisfies the final judgment rule. *Estate of Harris*, No. 02-17-00108-CV, 2017 WL 2590574, at *2 (Tex. App.—Fort Worth June 15, 2017, pet. denied) (mem. op.) (citing *De Ayala v. Mackie*, 193 S.W.3d 575, 578–79 (Tex. 2006) (op. on reh'g)).

2

Although section 202.202 of the estates code provides that the judgment in a proceeding to declare heirship is final, there has been no such judgment here, so the trial court's order is interlocutory. *See* Tex. Estates Code Ann. § 202.202; *Crowson v. Wakeham*, 897 S.W.2d 779, 782–83 (Tex. 1995). For that reason, the trial court's plenary power has not yet run. *See* Tex. R. Civ. P. 329b(d); *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, 540 S.W.3d 577, 581 (Tex. 2018) (noting that plenary power "generally only lasts for thirty days after final judgment"). And no statute expressly authorizes an appeal from an order refusing to vacate a prior order re-appointing an ad litem during an heirship proceeding.

Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

Per Curiam

Delivered:  February 28, 2019

3