

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00214-CV

_____

ESTATE OF JOHN DAVID HARRIS, DECEASED

---

On Appeal from Probate Court No. 2
Tarrant County, Texas
Trial Court No. 2011-PR00903-1-2

---

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

David Glen Harris attempts to appeal the trial court's order determining that his second motion in limine in this pending heirship proceeding is not ripe and therefore moot. We notified Harris of our concern that this is not an appealable final judgment or an interlocutory order for which appeal is allowed by rule or statute. He responded that because one of the parties claiming to be an heir does not have standing to participate in the proceeding, the trial court's order is void and therefore immediately appealable.

We have previously addressed and rejected Harris's argument that a void order in an heirship proceeding is appealable before rendition of a final judgment declaring heirship. *See Estate of Harris*, No. 02-18-00414-CV, 2019 WL 983772, at *1 (Tex. App.—Fort Worth Feb. 28, 2019, pet. denied) (per curiam) (mem. op.). Harris's complaint that one of the parties to the proceeding lacks standing—and therefore that any order related to that argument or that party is void—is not appealable until the trial court signs a judgment declaring heirship. *See* Tex. Est. Code Ann. § 202.202(a); *Crowson v. Wakeham*, 897 S.W.2d 779, 782–83 (Tex. 1995); *Harris*, 2019 WL 983772, at *1; *In re Estate of Wright*, No. 05-14-00256-CV, 2014 WL 2048570, at *1–2 (Tex. App.––Dallas May 15, 2014, no pet.) (mem. op.). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered:  August 8, 2019

2