

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00307-CV
_____

WILLIAM BOOTH BLALOCK, APPELLANT

V.

PAMELA ANN WOODY, INDIVIDUALLY, AND AS EXECUTOR FOR THE
ESTATE OF ERWIN CHARLES WESTHAUSE, LAURIE BLALOCK BELL, JESSE PRICE
BLALOCK, JR., BRIAN STARKE BLALOCK, JOHN WALTER BLALOCK, VIRGINIA LEE
GIBBS, AND KAREN DORSEY SEITER, APPELLEES

_____

On Appeal from the County Court at Law No. 1
Comal County, Texas
Trial Court No. 2015PCB0346, Honorable Randy C. Gray, Presiding

_____

May 10, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

This appeal arose from the probate of the estate of Erwin Charles Westhause. Westhause died, and Pamela Ann Woody apparently assumed the post of executor of his estate. William Booth Blalock sued multiple individuals, including Woody, individually and as executor of Westhause's estate. That suit was used by Blalock as a means to negate an accounting of Westhause's estate and pursue claims of breached fiduciary duty, embezzlement, and spoliation of assets, among other things. An aspect of that suit

involved Blalock moving for partial summary judgment. Through it, he sought to question whether certain mineral royalties accrued but withheld from Westhause during his life were estate assets since Blalock had only been granted a life estate in the realty from which the minerals were produced. The trial court denied that motion and instead concluded that the royalties were part of the Westhause estate under the open mines doctrine. Blalock appealed. Thereafter, Woody moved to dismiss the appeal for want of jurisdiction. We grant the motion.[1]

The Westhause probate is ongoing. Furthermore, the partial summary judgment order at issue addressed only one aspect of Blalock's suit against Woody and the other named defendants.[2] The claims for breached fiduciary duty, embezzlement, and the like await adjudication. Consequently, Woody asserted that the summary judgment order was neither final nor appealable. We agree.

This state's Supreme Court developed a test for determining when an order entered in a probate is ripe for appeal. It stated that, if there is an express statute declaring the phase of the probate proceeding to be final and appealable, the statute controls. If not and "there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory." *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995); *Barkley v. Newton*, No. 07-96-0426-CV, 1997 Tex. App. LEXIS 2762, at *3 (Tex. App.—Amarillo May 27, 1997, no writ.) (not designated for

---

[1] Because this appeal was transferred from the Third Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

[2] The other defendants were Laurie Blalock Bell, Jesse Price Blalock, Jr., Brian Starke Blalock, John Walter Blalock, Virginia Lee Gibbs, and Karen Dorsey Seiter.

publican).  This rule governing when a litigant may appeal from an order issued in a proceeding incident or ancillary to a general probate matter is now akin to that applicable to non-probate matters.  *Barkley*, 1997 Tex. App. LEXIS 2762, at *3.  If statute allows one to immediately appeal the disposition of a particular issue before the entire probate is resolved, then it is susceptible to appeal.  *Id.*  If no such statute exists, then an appeal may be perfected only when all the issues raised by all the parties in the particular proceeding from which the appeal arose are resolved.  *Id.*  And, in determining the scope of issues and parties involved, we look to the pleadings which comprise the particular proceeding.  *Id.*

Blalock cited us to no statute rendering the partial summary judgment order appealable.  Moreover, the order simply addresses one aspect of a particular proceeding containing multiple causes of action concerning multiple defendants.  Thus, the order at issue is non-appealable, and we lack jurisdiction to entertain Blalock's appeal.  *See id.* (dismissing the appeal for want of jurisdiction because the order from which appeal was taken did not resolve all the issues raised in the pleading); *see also In re Guardianship of Thrash,* 610 S.W.3d 74, 78–79 (Tex. App.—San Antonio 2020, pet. denied) (dismissing appeal because the order in question did not adjudicate all the underlying claims alleged in the proceeding); *In re Estate of Karpenko*, No. 02-11-00194-CV, 2011 Tex. App. LEXIS 6412, at *1–2 (Tex. App.—Fort Worth Aug. 11, 2011 no pet.) (per curiam) (mem. op.) (holding that the partial summary judgment was not appealable because it resolved only the appellees' declaratory judgment and breach of fiduciary duty claims while failing to dispose of the appellees' remaining claims for unjust enrichment and damages and appellants' breach of fiduciary duty counterclaim).

We grant Woody's motion to dismiss and dismiss the appeal for want of jurisdiction.

Per Curiam