**Motion Granted; Appeal Dismissed and Memorandum Opinion filed July 27, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00094-CV

---

### MARIA CHRISTINA CHIROLLA DONNELLY, Appellant

### V.

### JOHN P. DONNELLY, ERIC DONNELLY, & MARK DONNELLY, Appellees

---

**On Appeal from Probate Court No. 2**
**Harris County, Texas**
**Trial Court Cause No. 477195-401**

---

### MEMORANDUM OPINION

Appellee has filed a motion to dismiss this appeal for want of jurisdiction. Appellant filed a response, and appellee filed a reply.

This attempted appeal is from an order granting a motion for summary judgment signed January 29, 2021. Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final judgment is signed unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). The order is not a final order for the purposes of an interlocutory appeal under the Estates Code. Tex. Est. Code Ann. § 32.001(c); *see Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995) (interpretating former Probate Code section 5(f), since repealed); The trial court's order in this case is interlocutory and not subject to immediate appeal because it does not dispose of all parties or issues in a particular phase of the proceedings below. *See Asafi v. Rauscher*, No. 14-09-00800-CV, 2009 WL 4346067, at *2 (Tex. App.—Houston [14th Dist.] Dec. 3, 2009, pet. denied) (mem. op.); *see also De Ayala v. Mackie,* 193 S.W.3d 575, 578 (Tex. 2006) (The order must dispose of all issues in the "phase of the proceeding" for which it was brought to be considered final).

Accordingly, we are without jurisdiction over the appeal. We grant appellees' motion and dismiss the appeal for want of jurisdiction.

PER CURIAM

Panel consists of Justices Wise, Jewell, and Spain.