# NO. 12-22-00266-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF THE ESTATE* | § | *APPEAL FROM THE* |
| | § | *COUNTY COURT AT LAW* |
| *OF WILLIAM EUGENE GLEGHORN* | § | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

Connie Gleghorn Odic filed a petition to contest the validity of the will admitted to probate and a request for a temporary injunction in the Estate of William Eugene Gleghorn. Odic is Gleghorn's granddaughter. She alleged that the will should be set aside due to Gleghorn's lack of testamentary capacity and, alternatively, undue influence exerted by Jacqueline Moore Gleghorn, independent executor of the Estate, and Porfirio Herrera. She further sought revocation of letters testamentary issued to Jacqueline. Jacqueline filed an original answer and counterclaim, in which she sought (1) actual damages, given Odic's bad faith pursuit of appointment as Gleghorn's guardian, (2) damages for malicious prosecution, abuse of process, and inovation of privacy, and (3) a declaratory judgment confirming that Odic "by her conduct forfeited any right she has under Decedent's Will, together with reasonable attorneys' fees and costs." On April 6, 2022, Odic filed an amended petition to contest the validity and enforceability of the will, which she alleged was wrongfully admitted to probate, along with a request for a temporary and permanent injunction. She listed Jacqueline, Porfirio Herrera, Wynne & Wynne, B. Prater Monning, III, Tammie Harp, and Beatriz Gonzalez as parties. Odic added a request for an accounting and appointment of an independent auditor, and alleged a violation of the Texas Uniform Fraudulent Transfer Act, unjust enrichment, conversion, and conspiracy.

Wynne & Wynne, Monning, Harp, and Gonzalez subsequently filed a motion to dismiss pursuant to the Texas Citizens Participation Act (TCPA), requested sanctions against Odic and her counsel, Aamer Ravji, and sought additional sanctions in the form of dismissal of Odic's entire contested case. On September 2, the trial court granted the motion and found as follows:

> The claims asserted against Defendants in this cause by Connie Odic ("Petitioner"), in filings by Aamer Ravji ("Petitioner's Counsel"), are based on and in response to Defendants' exercise of the right to petition. But Petitioner failed to establish by clear and specific evidence a prima facie case for each essential element of her claims against Defendants. And Defendants established the affirmative defense of attorney immunity on which they are entitled to judgment as a matter of law. Furthermore, Petitioner's claims were brought to deter or prevent Defendants from exercising constitutional rights and were brought for an improper purpose, including to harass or to cause unnecessary delay or to increase the cost of litigation, the factual contentions against Defendants lacked evidentiary support, and Petitioner's Counsel did not employ due diligence to determine whether those claims indeed had evidentiary support.

The trial court found $45,912.24 to be a reasonable amount of attorney's fees incurred for responding to Odic's claims and found that Odic's application for guardianship was filed for an improper purpose. The trial court (1) dismissed with prejudice all causes of action asserted against Wynne & Wynne, Monning, Harp, and Gonzalez, (2) ordered Odic and Ravji to pay $45,912.24 as reasonable attorney's fees, plus court costs, pursuant to Chapters 10 and 27 of the Texas Civil Practice & Remedies Code, (3) ordered Odic and Ravji to pay $21,318.78 in expert witness fees, as additional sanctions, pursuant to Chapters 10 and 27, and (4) dismissed with prejudice all Odic's causes of action, "which the Court determines to be a sufficient sanction to deter her from bringing similar actions in the future, pursuant to Section 27.009(a)(2)[.]"[1] Odic and Ravji appealed.

Jacqueline, Herrera, Monning, Gonzalez, Harp, and Wynne & Wynne (Appellees) filed a motion to dismiss the appeal, arguing that the dismissal order does not dispose of all parties or issues because Jacqueline's counterclaims remain pending and the TCPA does not permit an interlocutory appeal of an order granting a TCPA motion to dismiss. They ask this Court to dismiss the appeal, find the appeal frivolous, and award sanctions. In response, Odic and Ravji assert that this is a probate case, the Estates Code governs jurisdiction, and their appeal arises from a final order per the Estates Code. Specifically, they contend that:

---

[1] If the trial court orders dismissal of a legal action under the TCPA, the court "may award to the moving party sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter." TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a)(2) (West 2020).

…a determination of the person entitled to serve as the executor of the estate is a final appealable order.  The trial court's order dismissing Appellant Connie Gleghorn Odic's will contest and challenge to the appointment of Jacqueline Gleghorn as executor concludes "the phase of the proceeding for which it was brought'". The remaining issues before the trial court are *Jacqueline Gleghorn's claims asserted in her capacity as executor*, which are necessarily dependent on the trial court's decision that Ms. Jacqueline Gleghorn is the executor based on the will that is contested. If (as Appellants contend) the trial court's conclusion regarding the executor and applicable will is erroneous, then all further proceedings in the trial court on the remaining issues would likewise be erroneous. The order being appealed here is, thus, precisely the sort of "controlling, intermediate decision" where "an error can harm later phases of the proceeding" that explains why there is no "one final judgment rule" in the probate context.

A final order issued by a probate court is appealable to the court of appeals. TEX. EST. CODE ANN. § 32.001(c) (West 2020).  In probate appeals, if there is an express statute declaring the phase of the probate proceedings to be final and appealable, that statute controls. ***Crowson v. Wakeham***, 897 S.W.2d 779, 783 (Tex. 1995).  "Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory." *Id*.

However, this case is unique in that Appellees moved for dismissal in the trial court under Chapter 27 of the Texas Civil Practice and Remedies Code, i.e., the TCPA, and the trial court dismissed Odic's will contest under the TCPA.  Thus, the order from which Odic and Ravji appeal is an order granting a TCPA motion to dismiss, not an order ruling on the will contest. Accordingly, the TCPA's provisions govern our jurisdiction over this appeal.  A party may file an interlocutory appeal from the *denial* of a TCPA motion to dismiss.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12) (West Supp. 2022) (emphasis added).  "If the trial court timely grants the motion to dismiss, an order disposing of the entire case is appealable to the same extent as any other final judgment." ***In re Panchakarla***, 602 S.W.3d 536, 538 (Tex. 2020) (per curiam) (orig. proceeding).  "But if granting the motion does not resolve the entire controversy, the order is interlocutory and unappealable unless made final by severance." *Id*.

The dismissal order does not dispose of Jacqueline's counterclaim for a declaratory judgment that Odic "by her conduct forfeited any right she has under Decedent's Will[.]"  Nor is there any indication that the trial court granted a severance.  Therefore, we conclude that the order granting Appellees' motion to dismiss under the TCPA is interlocutory and not appealable at this juncture.  *See **Panchakarla***, 602 S.W.3d at 538; *see also **Hodge v. Carter***, No. 03-21-00675-CV, 2022 WL 14989763, at *1 (Tex. App.—Austin Oct. 27, 2022, no pet.) (mem. op.)

3

(dismissing for want of jurisdiction appeal from order granting TCPA motion to dismiss appellant's petitions against independent administrator of the estate, one of which included as a defendant the purchaser of land sold by the estate administrator with the probate court's permission); *In re Estate of Calkins*, 580 S.W.3d 287, 294-96 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (in appeal from denial of TCPA motion to dismiss filed in probate proceeding, declining to address appellants' first two issues, including application to probate will, because they fell outside limited scope of interlocutory jurisdiction). For this reason, we ***grant*** Appellees' motion to dismiss and we ***dismiss the appeal for want of jurisdiction***. We ***overrule*** Appellees' request for sanctions.

Opinion delivered November 9, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 9, 2022**

**NO. 12-22-00266-CV**

**IN THE MATTER OF THE ESTATE OF
WILLIAM EUGENE GLEGHORN**

Appeal from the County Court at Law

of Van Zandt County, Texas (Tr.Ct.No. 15,557)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*