

# Fourth Court of Appeals
## San Antonio, Texas

November 23, 2022

No. 04-22-00650-CV

**IN THE ESTATE OF RONALD K. RUIZ, DECEASED**,

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 2017PC1546
Honorable Veronica Vasquez, Judge Presiding

# O R D E R

Appellant Joyce Ruiz has filed several notices of appeal and amended notices of appeal challenging numerous orders signed by the trial court. Generally, in civil cases, there is only one final appealable judgment. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). "Probate proceedings are an exception to the 'one final judgment' rule; in such cases, 'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.'" *Id.* (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001)). "If there is an express statute . . . declaring the phase of the probate proceedings to be final and appealable, that statute controls." *Id.* (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)). If there is no controlling statute, to be appealable, "the order [must] dispose of all issues in the phase of the proceeding for which it was brought." *Id.* at 578. "[I]f there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory." *Id.* (quoting *Crowson*, 897 S.W.2d at 783). Typically, unless an interlocutory appeal is authorized by statute, a judgment must be final to be appealable. *Lehmann*, 39 S.W.3d at 195.

Among other things, appellant appeals from the trial court's "Order on Defendants' and Intervenor's Joint Motion for Summary Judgment." An order granting summary judgment is not final for purposes of appeal "unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Id.* at 205. The trial court's order on the joint motion for summary judgment dismissed all claims brought by appellant individually; however, the order did not purport to address appellees' counterclaims or purport to be appealable.

To assist this court in determining whether we have appellate jurisdiction over all parts of this appeal, we ORDER appellant to file, within 15 days of this order, a response to this order, with appropriate citations to the clerk's record, stating: (1) each order she seeks to appeal; (2) for each appealed order, the date the appealed order was signed by the trial court and the date the relevant notice of appeal challenging that order was filed; and (3) a short and plain statement,

with citation to applicable authority, explaining why the appealed order is an appealable order in a probate proceeding. If appellant does not timely provide written proof as ordered, this appeal will be dismissed without further notice. *See* TEX. R. APP. P. 42.3(a), (c).

All other appellate deadlines are suspended pending further order of this court.

Rebeca C. Martinez, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 23rd day of November, 2022.

MICHAEL A. CRUZ, Clerk of Court