**DISMISS and Opinion Filed February 15, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00754-CV**

**JOHN H. ROACH, INDIVIDUALLY AND AS SOLE TRUE TRUSTEE OF THE CREDIT SHELTER TRUST AND THE MARITAL TRUST, Appellant**
**V.**
**PATRICIA S. ROACH, INDIVIDUALLY AND AS PUTATIVE CO-EXECUTOR OF THE ESTATE OF RICHARD H. ROACH, DECEASED, AS PUTATIVE CO-TRUSTEE OF THE CREDIT SHELTER TRUST AND THE MARITAL TRUST, AND AS ADMITTED GENERAL PARTNER OF THE FLP, PATRICIA ROACH TACKER, INDIVIDUALLY AND AS PUTATIVE CO-EXECUTOR OF THE ESTATE OF RICHARD H. ROACH, DECEASED, AS PUTATIVE CO-TRUSTEE OF THE CREDIT SHELTER TRUST AND THE MARITAL TRUST, AND AS ADMITTED GENERAL PARTNER OF THE FLP, AND TRF GP, LLC, TITULAR GENERAL PARTNER OF THE FLP, Appellees**

**On Appeal from the Probate Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. PR-21-00540-1**

## MEMORANDUM OPINION

Before Justice Molberg, Justice Goldstein, and Justice Smith
Opinion by Justice Goldstein

This is an appeal from the trial court's August 2, 2021 interlocutory order in an ancillary probate proceeding initiated by appellant. Before the Court is appellees' motion to dismiss the appeal for lack of jurisdiction and appellant's response. Although we disagree with appellees' reasons for dismissal, we nonetheless dismiss

the appeal because appellant fails to demonstrate in his response that we have jurisdiction.

**Background**

Appellant filed an ancillary proceeding to a pending probate case alleging numerous causes of action against appellees. In addition to such causes of action as breach of fiduciary duty, breach of a family partnership agreement, and negligence, appellant alleged and sought a declaratory judgment that appellees engaged in an alleged scheme with the decedent's attorney to manipulate the decedent into modifying two codicils to his will after the decedent had become cognitively impaired. The decedent's attorney drafted the modified codicils. The challenged portions of the codicils were modified to replace appellant with the decedent's attorney as successor independent co-trustee of the trusts, as successor independent co-executor, and as limited purpose fiduciary of the marital trust with the power to direct distributions of the trust principal.

Viewing appellant's challenges to the codicils as a will contest, appellees filed a motion for partial summary judgment asserting that appellant's declaratory judgment claim related to the codicils was barred by the two-year statute of limitations. Appellant then filed a cross-motion for summary judgment on his claim for declaratory judgment that the challenged provisions in the codicils and the probate court's order admitting them to probate were void from the beginning.

In an order signed on August 2, 2021, the trial court granted appellees' motion and denied appellant's. Appellant filed a notice of appeal on August 31.

Appellees assert we lack jurisdiction over the appeal because (1) appellant did not obtain permission to appeal the interlocutory order, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d), and (2) did not timely file his notice of appeal, *see* TEX. R. APP. P. 26.1(b) (notice of appeal in accelerated appeal due within twenty days of date of order). In his response to the motion to dismiss, appellant asserts that this is an ordinary appeal pursuant to special rules relating to probate proceedings and asks that we retain jurisdiction over the appeal. For reasons stated below, we conclude the appealed order is interlocutory and not subject to appeal under the special rules for probate proceedings.

**The Law**

Generally, this Court has jurisdiction only over final judgments or interlocutory orders as permitted by statute. *See Lehmann v. Har–Con*, 39 S.W.3d 191, 195 (Tex. 2001). However, a probate order on a discrete issue is appealable before the entire proceeding is concluded if an express statute declares that phase of the proceeding from which the order arises to be final and appealable or if the order disposes of all the parties or issues for which the particular part of the proceeding was brought. *See De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)). To lessen the inherent difficulties in applying this test, appellate courts may consider whether the

adjudicated claim could be properly severable. *See Crowson*, 897 S.W.2d. at 783. A claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *See In re State*, 355 S.W.3d 611, 614 (Tex. 2011) (orig. proceeding).

## Discussion

Appellant asserts we do have jurisdiction. He relies on a somewhat factually similar case. *See In re Estate of Florence*, 307 S.W.3d 887, 889 (Tex. App.—Fort Worth 2010, no pet.). *Florence* involved a dispute among heirs as to the meaning of a term in a will. The appellant asserted a statute of limitations defense and the parties filed cross-motions for summary judgment. The probate court denied the appellant's motion for summary judgment and granted the appellees' cross-motion. *Id*. at 889-90. The trial court's ruling on the competing motions for summary judgments left unresolved the meaning of the disputed term. Although the trial court in *Florence* did not finally resolve the heirs' dispute, the court of appeals reached the merits of the interlocutory appeal. In doing so, it did not provide any analysis of *De Ayala* and *Crowson* to demonstrate its jurisdiction.[1] Appellant asks this Court to reach the merits as the court did in *Florence* but provides no argument for how we

---

[1] The court of appeals addressed its jurisdiction only in a footnote stating "This is an interlocutory appeal of a summary judgment and cross-summary judgment in a probate case." with cites to *De Ayala* and *Crowson*.

have jurisdiction to do so. Applying the standards set forth in those cases to the facts here, however, we conclude the order is not an appealable probate order.

There is no express statute declaring the underlying ancillary probate proceeding final and appealable and appellant does not contend otherwise. Accordingly, we turn to the criteria for severance to the facts in this case to determine whether we have jurisdiction over the interlocutory summary judgment order. *See Crowson*, 897 S.W.2d. at 783.

The factual underpinnings of appellant's declaratory judgment claim are so interwoven with many of the claims still pending. The decedent's attorney and the alleged scheme between him and appellees is the focus of that claim and is also a factor in many of appellant's other claims. For example, the alleged scheme between appellees and the decedent's attorney leading to the modified codicils is a significant factor to appellant's breach of fiduciary duty claim, breach of a family partnership agreement claim, and negligence claim, among others. Because of the interrelatedness of appellant's numerous claims, we hold the order addressing only one of those claims is not subject to severance. *See In re State*, 355 S.W.3d at 614.

**Conclusion**

Having concluded for the reasons stated above that the interlocutory order is not an appealable probate order, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

210754F.P05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN H. ROACH, INDIVIDUALLY AND AS SOLE TRUE TRUSTEE OF THE CREDIT SHELTER TRUST AND THE MARITAL TRUST, Appellant

No. 05-21-00754-CV     V.

PATRICIA S. ROACH, INDIVIDUALLY AND AS PUTATIVE CO-EXECUTOR OF THE ESTATE OF RICHARD H. ROACH, DECEASED, AS PUTATIVE CO-TRUSTEE OF THE CREDIT SHELTER TRUST AND THE MARITAL TRUST, AND AS ADMITTED GENERAL PARTNER OF THE FLP, PATRICIAL ROACH TACKER, INDIVDUALLY AND AS PUTATIVE CO-EXECUTOR OF THE ESTATE OF RICHARD H. ROACH, DECEASED, AS PUTATIVE CO-TRUSTEE OF THE CREDIT SHELTER TRUST AND THE MARITAL TRUST, AND AS ADMITTED GENERAL PARTNER

On Appeal from the Probate Court No. 1, Dallas County, Texas
Trial Court Cause No. PR-21-00540-1.
Opinion delivered by Justice Goldstein. Justices Molberg and Smith participating.

OF THE FLP, AND THE TRF GP,
LLC, TITULAR GENERAL
PARTNER OF THE FLP, Appellees

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellees PATRICIA S. ROACH, INDIVIDUALLY AND AS PUTATIVE CO-EXECUTOR OF THE ESTATE OF RICHARD H. ROACH, DECEASED, AS PUTATIVE CO-TRUSTEE OF THE CREDIT SHELTER TRUST AND THE MARITAL TRUST, AND AS ADMITTED GENERAL PARTNER OF THE FLP, PATRICIAL ROACH TACKER, INDIVDUALLY AND AS PUTATIVE CO-EXECUTOR OF THE ESTATE OF RICHARD H. ROACH, DECEASED, AS PUTATIVE CO-TRUSTEE OF THE CREDIT SHELTER TRUST AND THE MARITAL TRUST, AND AS ADMITTED GENERAL PARTNER OF THE FLP, AND THE TRF GP, LLC, TITULAR GENERAL PARTNER OF THE FLP recover their costs of this appeal from appellant JOHN H. ROACH, INDIVIDUALLY AND AS SOLE TRUE TRUSTEE OF THE CREDIT SHELTER TRUST AND THE MARITAL TRUST.

Judgment entered February 15, 2022