# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF THE ESTATE* | § | *APPEAL FROM THE* |
| *OF HELEN GAYLE WELLS,* | § | *COUNTY COURT AT LAW NO. 3* |
| *DECEASED* | § | *SMITH COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

Appellant, Kelcey Melissa Wells, filed a notice of appeal from (1) an April 12, 2019 order excluding expert witness testimony, (2) a June 10, 2019 order granting a partial summary judgment motion filed by Appellee, Karen Donnell Wells and denying Kelcey's cross-motion for partial summary judgment, (3) a September 28, 2021 order granting Karen's motion for partial summary judgment, (4) a September 28, 2021 order granting Karen's no evidence summary judgment motion on fraudulent inducement, (5) a February 8, 2022 order granting Karen's motion for partial summary judgment on lack of standing, (6) a February 8, 2022 order granting Karen's motion for partial summary judgment on limitations, and (7) a February 8, 2022 order granting Karen's no evidence summary judgment motion on the claim for distributions for health, education, maintenance, and support. The notice states that the three February 8 orders "purportedly dispose of all remaining claims and all parties in the case."

Karen filed a motion to dismiss the appeal on grounds that the trial court has not entered a final judgment and Kelcey cannot appeal the orders in question. According to Karen, the three orders dispose of specific, identified claims alleged by Kelcey and contain no language purporting to dispose of all parties and claims. Karen asserts that she has a pending claim for declaratory judgment and attorney's fees, but none of the challenged orders dispose of her claims. In response, Kelcey denies Karen's entitlement to attorney's fees, but "agrees that the trial court did not enter an order that specifically addresses and disposes of Appellee's claim for

1

attorney's fees." Accordingly, she does not object to the appeal being dismissed until the trial court signs an order addressing Karen's claim for attorney's fees.

When "there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). "Probate proceedings are an exception to the 'one final judgment' rule; in such cases, 'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.'" *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (quoting *Lehmann*, 39 S.W.3d at 192). An interlocutory order on a discrete issue is appealable if an express statute declares that phase of the proceeding to be final and appealable. *Id*. Otherwise, a probate order is final if it disposes of "all parties or issues in a particular phase of the proceedings." *Id*. at 579. "[I]f there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of," the order is not final. *Id*. at 578 (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)).

This Court is unaware of any statute that expressly renders the orders appealable as interlocutory and the parties have identified no such statutes. Nor do the orders dispose of Karen's claim for attorney's fees; consequently, the orders do not amount to a final judgment. *See Palacio for Estate of Palacio v Palacio*, No. 05-18-00357-CV, 2019 WL 1785122, at *1 (Tex. App.—Dallas Apr. 24, 2019, no pet.) (mem. op.) (because claims for attorneys' fees remained pending, summary judgment orders did not dispose of all parties and issues in particular phase of probate case). Because the orders do not qualify as appealable interlocutory orders or a final judgment, we *grant* Karen's motion to dismiss and we *dismiss* the appeal for want of jurisdiction.

Opinion delivered April 29, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 29, 2022**

**NO. 12-22-00046-CV**

**IN THE MATTER OF THE ESTATE OF
HELEN GAYLE WELLS, DECEASED**

Appeal from the County Court at Law No. 3
of Smith County, Texas (Tr.Ct.No. 42,565P)

THIS CAUSE came on to be heard on the motion of the Appellee to dismiss the appeal herein, and the same being considered, it is hereby ORDERED, ADJUDGED and DECREED by this Court that the motion to dismiss be **granted** and the appeal be **dismissed for want of jurisdiction,** and that the decision be certified to the court below for observance. Each party shall bear its own costs of appeal.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*