

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-22-00092-CV

---

IN THE ESTATE OF BILLY WAYNE PHILLIPS, DECEASED

---

On Appeal from the County Court at Law No. 2
Hunt County, Texas
Trial Court No. 18697

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Billie Kimberly Hudson attempts to appeal the trial court's November 17, 2022, order on special exceptions to Hudson's first amended petition in intervention. The issue before this Court is whether we have jurisdiction to hear the appeal. We conclude that we do not and dismiss the appeal for want of jurisdiction.

Generally, appellate courts review only final judgments and interlocutory orders specifically made appealable by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Schoolcraft v. Dep't of Fam. & Protective Servs.*, No. 06-05-00076-CV, 2005 WL 3487849, at *1 (Tex. App.—Texarkana Dec. 22, 2005, no pet.) (mem. op., not designated for publication); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Supp.).

"Probate proceedings are an exception to the 'one final judgment' rule; in such cases, 'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.'" *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (quoting *Lehmann*, 39 S.W.3d at 192). An appeal from a probate court order may be taken if it "dispose[s] of all parties or issues in a particular phase of the proceedings," *id.* at 579, or if "there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable," *id.* at 578 (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)).

There is no statute that expressly accords final and appealable status to the order at issue here. Further, the trial court's special exceptions order did not dispose of all parties and issues within Hudson's plea in intervention. In addition to her partition claims, Hudson's second amended petition in intervention included claims for breach of fiduciary duty and negligence and

a request for attorney fees. Hudson's third amended petition in intervention includes (1) claims for breach of fiduciary duty, negligence, and unjust enrichment; (2) a conversion claim asserted on behalf of Hudson; (3) a conversion claim asserted on behalf of Stormie Lea Brown (a newly added party); (4) a request for injunctive relief; and (5) a request for attorney fees. The partition claims were obviously only a part of the intervention proceedings.

"[I]f there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory." *Id.*; *see Williamson v. Opal Farthing*, No. 09-11-00474-CV, 2011 WL 4537750, at *1 (Tex. App.—Beaumont Sept. 29, 2011, no pet.) (mem. op., not designated for publication) (finding that order granting special exceptions was not appealable because "[c]laims remain[ed] unresolved in the trial court"); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (identifying appealable interlocutory orders).

By letter dated March 16, 2023, we notified Hudson of this potential defect in our jurisdiction and afforded her the opportunity to show this Court how it had jurisdiction over the appeal notwithstanding the noted defect. We further informed Hudson that the failure to respond by March 27, 2023, would result in dismissal of the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Although Hudson responded to our letter, her response failed to demonstrate proper grounds for our retention of this appeal.

We find that the trial court's November 17, 2022, order was not a final order and was not an appealable interlocutory order. Consequently, we are without jurisdiction over this appeal.

3

We dismiss this appeal for want of jurisdiction.


Charles van Cleef
Justice

Date Submitted:     April 11, 2023
Date Decided:       April 12, 2023